CITY OF CAMBRIDGE *vs.* CITY OF SOMERVILLE.

Middlesex.    December 2, 1952. — January 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Settlement. Public Welfare. Needy Person. Words,* "Actually resided."

One, who was inducted into the military service of the United States in 1942 "from" a lodging house in which he had been living in a city for some months up to the time of his induction, "actually resided" in that city at that time within G. L. (Ter. Ed.) c. 116, § 1, Fifth, and because of that statute could not properly be found to have then had a settlement elsewhere.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated July 13, 1949.

The action was heard by *MacDonnell,* J.

*Richard D. Gerould,* City Solicitor, for the plaintiff.

*Robert J. Muldoon,* City Solicitor, for the defendant.

COUNIHAN, J.    This action comes here upon an appeal by the plaintiff from an order of the Appellate Division for the Northern District vacating a finding for the plaintiff and directing the entry of judgment for the defendant.

It is an action of contract under G. L. (Ter. Ed.) c. 117, § 14, as amended, to recover for aid and medical assistance furnished by the plaintiff to one Motherway, an indigent

person, during 1948 and up to February 1, 1949, on the ground that Motherway at that time had a settlement in the defendant city.

At the trial it was agreed that the only issue for the judge to decide was that of settlement. It was "further agreed by and between the parties that the following oral agreed statement of facts be considered· by the court: 'James P. Motherway lived with his parents in Somerville, Massachusetts, from 1922 to part of the year 1941. He was a registered voter in Somerville from 1922 to 1943, inclusive, and again in 1945, in which latter year he was married. He was on the poll list in Somerville, Massachusetts, for 1942 and 1943; Mr. Motherway was granted an abatement of his poll taxes for these two years due to his military service in those years. James P. Motherway lived by himself in a lodging house in Cambridge, Massachusetts, commencing possibly in the late part of 1941 up to the time he was inducted into the service in 1942. He was a registered voter in Cambridge, Massachusetts, in 1944 and again in Cambridge from 1946 to 1950. On June 23, 1942, James Motherway was inducted into the United States military service from the address of the rooming house where he had been rooming in Cambridge from the later part of 1941, as part of the Cambridge quota. He was honorably discharged on April 2, 1943. At the time of his discharge, he gave his home address as 18 Harrison Street, Somerville, this being the address of his parents and also where he had lived up to the time he went to the rooming house in Cambridge. When Mr. Motherway was married in 1945, he was a registered voter in Somerville.'"

At the close of the trial the plaintiff duly filed several requests for rulings all of which were given by the judge. The one pertinent to the issue here reads: "1. Upon all the evidence, as a matter of law, the plaintiff is entitled to a verdict for the following reasons: A. The evidence establishes that at the time that James P. Motherway was given aid by the plaintiff he had a settlement in the defendant city . . .." The judge found for the plaintiff and

the defendant claimed a report to the Appellate Division, with the result above stated.

The settlement of an indigent person for the purpose of determining liability in this action is governed by G. L. (Ter. Ed.) c. 116, § 1, Fifth, which in 1942 read in part as follows: ". . . Any person who was inducted into the military or naval forces of the United States under the federal selective service act . . . shall be deemed to have acquired a settlement in the place where he actually resided in this commonwealth at the time of his induction . . . ." The vital words of this statute are "*actually resided*" (emphasis supplied).

From the finding for the plaintiff and the ruling above referred to it is apparent that the judge found that at the time Motherway received aid from the plaintiff he had a settlement in the defendant city. There is nothing in the "agreed statement" to support this.

It is doubtful whether the "agreed statement of facts" to be considered by the judge constitutes a case stated under G. L. (Ter. Ed.) c. 231, § 126, or is merely an agreement as to evidence. In any event this is of little consequence for if it constitutes a case stated we are permitted to draw inferences from it and determine facts for ourselves. If it is an agreement as to evidence our duty is to determine whether or not the evidence in the statement, as matter of law, warrants the finding and the ruling of the judge.

We are of opinion that the judge was in error.

The "agreed statement of facts" discloses that Motherway was inducted into military service on June 23, 1942, from a lodging house in Cambridge where he had been living from the latter part of 1941 up to the time of his induction. This we believe is decisive of his settlement for he "actually resided" in Cambridge when inducted.

Both parties rely on *Marlborough* v. *Lynn,* 275 Mass. 394, which involved a situation similar to that which here exists. We are of opinion that the language of that case supports the contention of the defendant. At pages 397–398 it was said, "'Actually resided,' therefore, means a

real residence, a residence existing in truth. An evanescent attendance does not satisfy the requirement of those words. This meaning conforms to the apparent aim of the statute. That aim was to establish a simple rule, easy of comprehension and application, whereby to determine the legal settlement of those joining the military or naval forces of the nation . . . . That rule avoids extended investigation into the past. It adopts the readily ascertainable facts *shortly* [emphasis supplied] preceding and accompanying induction into the services as the test. It avoids the temporarily unsettled factors fairly incident to such induction."

We think it plain that this rule applied to the facts in the "agreed statement" requires a finding that Motherway actually resided in Cambridge when inducted and that the inference of the judge that he had a settlement in Somerville was therefore wrong.

We likewise are of opinion that, applying the rule in the *Marlborough* case to the evidence in the "agreed statement," the judge was wrong, as matter of law, in finding and ruling that Motherway had a settlement in Somerville when inducted and when aid was furnished him by the plaintiff.

It follows that the order of the Appellate Division must be affirmed.

*So ordered.*