FRANK K. ROSSI *vs.* SCHOOL COMMITTEE OF EVERETT & another.[1]

Middlesex.   April 1, 1968. — June 7, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Municipal Corporations,* Officers and agents, City solicitor.   *Agency,* Scope of authority or employment.   *Attorney at Law.*

After the school committee of a city as appointing authority had discharged a civil service employee and had requested the city solicitor "to represent it" at a hearing before the Civil Service Commission sought by the employee, the city solicitor, although "accompanied" by the superintendent of schools when representing the school committee at the hearing before the commission, had no authority there to make an "agreement" with the employee and his counsel that the action of the school committee should be modified to a suspension without pay for a stated period; and a decision of the commission making the modification on the sole basis of the "agreement" could not stand and did not entitle the employee to reinstatement upon expiration of the stated period of suspension.

[1] The treasurer of the city of Everett.

PETITION for a writ of mandamus filed in the Superior Court on September 28, 1964.

By order of *Sullivan, J.*, judgment dismissing the petition was entered.

*John P. Forte* for the petitioner.

*Alfred Levenson* for the School Committee of Everett.

KIRK, J. Rossi appeals from the dismissal of his petition for a writ of mandamus to compel the school committee of Everett (the committee) to reinstate him to his position as Permanent Junior Building Custodian and to compel the city treasurer to pay him back wages from September 5, 1964.

The case was heard and decided by a judge of the Superior Court on the petition, the answers and a statement of agreed facts which, in summary, disclose the following. After a hearing which complied with the requirements of G. L. c. 31, § 43 (a), Rossi was discharged by unanimous vote of the school committee because of serious misconduct involving a male pupil at the school. Rossi seasonably requested a hearing by the Civil Service Commission (Commission) under G. L. c. 31, § 43 (b). On September 18, 1963, a pro forma hearing was had before a hearing officer; no witnesses were heard; the hearing was continued to October 4, 1963.

By letter dated September 18, 1963, the committee requested the city solicitor of Everett "to represent it at this formal hearing on October 4, 1963; and [stated] that the Committee will be glad to cooperate in supplying you with whatever information it may have with regard to the entire matter." At the hearing on October 4, 1963, the city solicitor represented the committee. He "was accompanied by" the superintendent of schools who also acts as secretary for the committee, but is not a member of the committee. The hearing was completed on October 4, 1963. At its conclusion, Rossi's council and the city solicitor submitted to the hearing officer a paper dated October 4, 1963, bearing the caption "Agreement" which read as follows: — "It is hereby agreed that the Appointing Authority's decision of September 4, 1963 be modified so that it reads 'Voted to suspend you from your position as custodian until Septem-

ber 1, 1964 without pay.' Further Frank K. Rossi waives all right to appeal and other remedies he may have." The statement was signed by Rossi. Near the left margin of the paper below the quoted recital were the words "Assented to," beneath which appeared the signature of Rossi's counsel and the signature of the city solicitor followed by the words "City Solicitor for appointing authority."

On February 26, 1964, the Commission voted that the action of the committee in discharging Rossi be modified to a suspension without pay from September 5, 1963, to September 5, 1964. The Commission notified the parties that "after due consideration of all the evidence" the modification was made "as agreed between the employee and the appointing authority." The committee refused to file a reinstatement form as instructed by the Director of Civil Service. An exchange of letters between the Commission and the committee followed. The committee insisted that although the city solicitor represented it at the hearing, he had no authority to make the agreement with Rossi, that the committee was the appointing authority and as such had unanimously voted to discharge Rossi, that the vote remained unchanged and that the committee had never been a party to any agreement to the contrary. The Commission, on the other hand, took the position that the city solicitor "as the authorized representative of the appointing authority . . . had the power to enter into the agreement upon which the Commission acted."

Since there is no express agreement to the contrary, under G. L. c. 231, § 126, we are at liberty, as was the trial judge, to draw inferences from the facts and documents stated in the case to determine facts for ourselves and reach such conclusions as we think are warranted. *Cambridge* v. *Somerville,* 329 Mass. 658, 660. *Yates* v. *Salem,* 342 Mass. 460, 461.

The letters from the Commission to the committee show that but for the purported "agreement" submitted to the hearing officer the Commission's decision to modify the appointing authority's order would not have been made.

We think that the city solicitor had no authority, express or implied, to make the "agreement." The committee requested and expected the city solicitor to contest Rossi's appeal from its order discharging him. It did not delegate to the city solicitor the right to exercise its prerogatives or powers under G. L. c. 31, § 43 (a), as the appointing authority. There is nothing in the Revised Ordinances of the city, which are included in the agreed facts so far as they relate to the powers and duties of the city solicitor, conferring upon him the power to act as he presumed to act here. Nor was there apparent authority in the city solicitor to make the agreement. He had not been held out by the committee to Rossi or to the Commission as empowered to do more than to use his professional talents to protect his client's interest at the hearing. We attach no significance favorable to Rossi to the fact that the superintendent of schools "accompanied" the city solicitor. The superintendent had no authority to change the committee's vote as the appointing authority. The superintendent's correspondence with the Commission on behalf of the committee both before and after the October hearing shows that neither he nor the members of the committee were aware of the nature or contents of the paper submitted to the hearing officer by counsel.

It is our conclusion that the city solicitor acted without authority and that neither Rossi nor the Commission had the right to rely upon the city solicitor's representation, implied by his assent to the agreement, that he had such authority. Faced with this factual situation we apply the rule stated in *Precious* v. *O'Rourke*, 270 Mass. 305, 308. "When the attorney undertakes to bind his client by an agreement to compromise his client's substantial rights, the opposing party must ascertain at his peril whether the attorney has authority to make the settlement." The Commission's decision, having been based upon an unauthorized compromise agreement between Rossi and the city solicitor, cannot stand. *Precious* v. *O'Rourke*, 270 Mass. 305, 308, 309. The judge's order was correct.

*Judgment affirmed.*