MAYOR OF BEVERLY *vs.* FIRST DISTRICT COURT OF ESSEX & another.

Suffolk.   December 6, 1950. — February 14, 1951.

Present: QUA, C.J., WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Civil Service. District Court,* Review respecting civil service. *Administrative Board or Officer. Certiorari. Practice, Civil,* Appeal; Requests, rulings and instructions. *Words,* "Review," "Justified."

An appeal from an order for judgment in a certiorari case heard solely on the petition and the return was properly before this court under G. L. (Ter. Ed.) c. 231, § 96, although not under c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

In a proceeding in a District Court under G. L. (Ter. Ed.) c. 31, § 45, as appearing in St. 1945, c. 667, § 2, for review of a removal of a police officer from office by action of the appointing authority affirmed by the civil service commission, where the judge had before him solely a transcript of the testimony taken before the appointing authority and a civil service commissioner, the judge was in error in ruling as matter of law that the testimony supporting the charge against the officer was not worthy of credence by an impartial mind and in consequently finding that the removal was not justified and should be reversed.

A certain statement in the findings of a judge of a District Court in a proceeding under G. L. (Ter. Ed.) c. 31, § 45, as appearing in St. 1945, c. 667, § 2, for review of a removal of a police officer from office, taken in conjunction with the granting and denial of certain requests for rulings, was tantamount to a ruling as matter of law that testimony in support of the charges against the officer was not worthy of credence by an impartial mind.

PETITION for a writ of certiorari, filed in the Superior Court on February 23, 1950.

The case was heard by *Broadhurst,* J.

*W. E. Carey,* (*T. J. Casey* with him,) for the respondents.

*T. D. Lavelle,* for the petitioner.

WILLIAMS, J.   This is a petition by the mayor of the city

of Beverly for a writ of certiorari against the First District Court of Essex to quash and reverse the findings and decision of a judge of that court in relation to the removal from office of one Marley, a captain in the police force of the city. Marley has been allowed to intervene.

The proceedings now in question arise from a complaint filed with the mayor by the chief of the Beverly police department on August 22, 1949, alleging conduct on the part of Marley unbecoming an officer in that for a period of three and one half years he had sexual intercourse with a certain named married woman. On September 9, 1949, the mayor held a hearing on the complaint at which hearing Marley was represented by counsel. Marley was found guilty of the charge on September 12, 1949, and ordered discharged from the department as of twelve o'clock noon of the same day. Upon request by Marley, a hearing was held before a member of the civil service commission designated by the chairman. G. L. (Ter. Ed.) c. 31, § 43 (b), as appearing in St. 1948, c. 240. On November 16, 1949, the commissioner found that Marley was guilty and that the mayor's action in discharging him was "justified." On November 17 Marley was notified that the civil service commission had voted "to affirm the action of the mayor." Marley filed a petition for review in the First District Court of Essex on December 14. G. L. (Ter. Ed.) c. 31, § 45, as appearing in St. 1945, c. 667, § 2. A hearing was held by a judge of that court, at which the case was submitted by the parties on the stenographer's transcript of the testimony presented at the hearings before the mayor and the commissioner. No oral evidence was offered. On February 20, 1950, the judge found that the mayor was not justified in discharging Marley and that the commission was not justified in confirming the discharge. He reversed the "action" of the mayor and the commission and reinstated Marley to his office without loss of compensation. A judge of the Superior Court, after hearing on the writ of certiorari, ordered the entry of judgment "quashing the decision and orders of the" judge of the District Court. Both the judge of the

District Court and Marley have appealed. In the Superior
Court the case was heard solely upon the return which in-
cluded the entire record before the District Court. As there
has been no final judgment but only an order for judgment,
the appeals are here not under G. L. (Ter. Ed.) c. 213, § 1D,
as inserted by St. 1943, c. 374, § 4, but under G. L. (Ter.
Ed.) c. 231, § 96. See *Needham* v. *County Commissioners of
Norfolk*, 324 Mass. 293, 295; *Adamsky* v. *City Council of
New Bedford*, 326 Mass. 706. The issue before the Su-
perior Court was whether the judge of the District Court
committed error of law in dealing with the issues before him.
*Parker* v. *District Court of East Norfolk*, 309 Mass. 377, 380.
*Mayor of Medford* v. *Judge of First District Court of Eastern
Middlesex*, 249 Mass. 465, 468. The order for judgment
was an order decisive of the case founded on matter of law
apparent on the record. Its correctness in point of law is
before us for decision. *Harrington* v. *Anderson*, 316 Mass.
187, 191. *Needham* v. *County Commissioners of Norfolk*,
324 Mass. 293, 295.

It is unnecessary to recite in detail the testimony taken
at the two hearings before the mayor and the commissioner
which was submitted to the judge of the District Court in
the form of stenographic records. The woman who was
named in the complaint was the wife of a police officer in
the department in which Marley was captain. She and her
husband were friends of Marley and his wife. She testified
that over a period of three and one half years Marley had
been in the habit of coming to her home in the absence of
her husband and on forty or fifty occasions had sexual inter-
course with her. She testified before the mayor that Marley
had forced her to have intercourse. She also related various
other indecencies on the part of Marley in both words and
conduct. Before the commissioner she testified that the
force to which she referred was the force of fear as to the
result of her refusal on the prospects of her husband in the
department in which Marley was captain. Marley's testi-
mony was a complete denial of her testimony. He offered
the testimony of a medical and psychiatric expert that, in

his opinion, the woman was suffering from hysteria and that in her physical and mental state due to having recently passed through the menopause her testimony was not to be believed. The "finding" of the judge of the District Court so far as material to the woman's testimony is as follows: "It is inconceivable that the respondent, Robert J. Rafferty, mayor of the city of Beverly, should have given credence to the fantastic testimony presented at the hearing before him by Mrs. . . . whose testimony was the only testimony offered in direct support of the charge and specification against the petitioner. Not only was this testimony of Mrs. . . . not corroborated in any important detail, but it was later in part contradicted by her at the hearing before the civil service commission. . . . The respondent, Robert J. Rafferty, mayor of the city of Beverly, did not have adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense, upon which to found the discharge of the petitioner; and the civil service commission did not have adequate reasons, sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense, to affirm the said action of the respondent, Robert J. Rafferty, mayor of the city of Beverly."

In considering this "finding" the judge of the Superior Court ruled as follows: "The statements in the paragraph of the findings filed by the special justice beginning with the words 'It is inconceivable' and continuing through that paragraph, in connection with granting the police officer's first and eighth requests for rulings,[1] and denying the petitioner's fourth and sixth requests for rulings,[2] are tanta-

---

[1] "1. That upon all the evidence the action of the mayor and the civil service commission was not justified."

"8. That the actions of the mayor and the commission were unjustified and should be reversed and the petitioner reinstated to his office of captain of police without loss of compensation."

[2] "4. The removal of the petitioner, Marley, as captain of police in Beverly was not based on insufficient, frivolous, or irrelevant reasons; and as the reviewing authority can find nothing in the record to contradict this, the removal of the said Marley must be affirmed."

"6. On all the evidence before the reviewing magistrate, he must find that the removal of Harold F. Marley as police captain in Beverly was justified."

mount to a ruling that as matter of law the evidence before the mayor of Beverly and the evidence before the civil service commission was unworthy of belief when weighed by an unprejudiced mind, guided by common sense and applying correct rules of law, and to a ruling that as matter of law the result reached by the mayor and by the civil service commission, appeared not to be based upon the exercise of an unbiased and reasonable judgment. (See *Sullivan v. Municipal Court of Roxbury*, 322 Mass. 566 at 572–573.) Thus construed, the ruling was wrong, and constitutes a substantial error of law apparent on the return."

There was no error in the ruling of the judge of the Superior Court or in his order that judgment be entered quashing the decision and orders of the judge of the District Court. The law applicable to proceedings of this character has recently been stated in *Sullivan v. Municipal Court of the Roxbury District*, 322 Mass. 566. Referring to a review before a judge of a District Court provided by G. L. (Ter. Ed.) c. 31, § 45, as appearing in St. 1945, c. 667, § 2, it was said at page 573 with supporting citations, "'Review' indicates 'a re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment. It does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although of a character respecting the weight of which two impartial minds might well reach different conclusions, and upon which the reviewing magistrate, if trying the whole issue afresh, might make a different finding.' *Murray v. Justices of the Municipal Court of the City of Boston*, 233 Mass. 186, 189. . . . 'Justified' in connection with 'review' means 'done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law.' *Selectmen of Wakefield v. Judge of First District Court of Eastern Middlesex*, 262 Mass. 477, 482." A portion of this language was employed by the judge of the District Court

in making his finding. He was in error in finding that the mayor and commission lacked "adequate reasons" for their decisions. He had before him only the record of the testimony which had been presented orally to the officials who had conducted the hearings. Findings based on oral testimony will not be reversed unless plainly wrong. "The reason for this rule is that the judge who has heard the testimony and seen the witnesses face to face has a better opportunity for determining the credibility of their conflicting statements than can possibly arise from reading a record; he 'has a great advantage in the search for truth over those who can only read their written or printed words.' *Dickinson* v. *Todd,* 172 Mass. 183, 184." *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407, and cases cited. *Russell* v. *Meyers,* 316 Mass. 669, 673. *Moroni* v. *Brawders,* 317 Mass. 48, 56. See *Howard* v. *Malden Savings Bank,* 300 Mass. 208, 211; *Memishian* v. *Phipps,* 311 Mass. 521, 522. The judge of the Superior Court was correct in holding that the finding of the judge of the District Court was tantamount to a ruling of law. Upon examination of the return to the Superior Court, which includes a record of the testimony on which this ruling was based, it is clear that the mayor and the commission were justified in giving substantial credence to the testimony which had been offered. See *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex,* 249 Mass. 465, 470–471; *Mayor of Everett* v. *Superior Court,* 324 Mass. 144, 148.

*Order for judgment affirmed.*