BOARD OF SELECTMEN OF DARTMOUTH *vs.* THIRD DISTRICT COURT OF BRISTOL & another.

Suffolk. March 3, 1971. — April 30, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Civil Service. District Court*, Review respecting civil service. *Words*, "Justified," "Review."

The record before this court in a certiorari proceeding to set aside a decision of a judge of a District Court upon a petition for review under G. L. c. 31, § 45, as amended, which reversed action of an appointing authority in discharging a police officer for conduct unbecoming a police officer and of the civil service commission in affirming the authority's action, and which ordered the officer reinstated, disclosed that the judge, to whom the only evidence presented was the record of the hearing held before the commission, applied an improper standard of review, and that his findings that the authority and the commission had "not acted with an unbiased and reasonable judgment, and . . . that the discharge was made without proper cause" amounted to error of law, and it was ordered that the judge's decision be set aside and that the action of the authority and the commission be affirmed.

PETITION for a writ of certiorari filed in the Supreme Judicial Court for the county of Suffolk on April 23, 1970.

The case was reserved the reported by *Reardon*, J., without decision.

*Leonard E. Perry,* Town Counsel (*James M. Cronin* with him) for the petitioner.

*Paul J. Kilgarriff,* Assistant Attorney General, for the Civil Service Commission.

*Edward J. Harrington, Jr.,* for Maurice A. Stebenne, submitted a brief.

*Chris Byron,* Special Assistant Attorney General, for the Third District Court of Bristol, submitted a brief.

SPIEGEL, J. This is a petition for a writ of certiorari brought by the board of selectmen of the town of Dartmouth (board) against the Third District Court of Bristol and against the respondent Maurice A. Stebenne to set aside the findings and decision of a judge of that court regarding the removal from office of Stebenne, a sergeant in the police force of the town. Stebenne filed a demurrer[1] and an answer[2] to the petition. At the request of the parties a single justice of this court reserved and reported the case without decision.

The board initiated proceedings under G. L. c. 31, § 43, to determine whether Stebenne was guilty of conduct unbecoming a police officer. The board, after notice and a hearing, concluded that he was guilty and he was discharged from the police force. Stebenne then requested a hearing before the civil service commission (commission).[3] The hearing officer made findings and recommended that the action of the board be affirmed. The commission adopted the findings of the hearing officer and affirmed the board's action. Stebenne then filed a petition with the District Court under G. L. c. 31, § 45, for review of the decision of the board and the commission. The only evidence pre-

---

[1] The grounds for demurrer argued in the respondents' briefs are: (a) that the petitioner has suffered no substantial injury or manifest injustice and (b) that the petition for a writ of certiorari is defective in that it fails to set out the petition for review filed by Stebenne.

[2] In their briefs, the respondents raise the following points set forth in their answer: (a) that improper notices were sent to Stebenne and (b) that the judge's findings were correct.

[3] Although not a party to the petition, the civil service commission submitted a brief.

sented to the judge of that court was the record of the hearing held before the commission. The judge made a rather extended "Finding" and stated that "upon reviewing the evidence . . . [I] find that the Appointing Authority [the board] and the Commission . . . [have] not acted with an 'unbiased and reasonable' judgment, and . . . that the discharge was made 'without proper cause.'" He concluded his "Finding" by asserting that "[o]n all the evidence as reviewed . . ., I find that the action of the . . . Authority and the Commission [must] be reversed and the petitioner reinstated . . . without loss of compensation."

The scope of review contemplated by G. L. c. 31, § 45, as amended through St. 1955, c. 407, § 2,[4] was recently discussed in the case of *Commissioner of Civil Serv.* v. *Municipal Court of the City of Boston, ante,* 211, 214–215. We quoted at length from the leading case of *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 573, wherein it is said that review "'does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although of a character respecting the weight of which two impartial minds might well reach different conclusions, and upon which the reviewing magistrate, if trying the whole issue afresh, might make a different finding.' . . . [citing cases]."

In conducting a review under G. L. c. 31, § 45, it is clear from the Sullivan case that it is the responsibility of a District Court judge to determine whether the action taken by the civil service commission and the appointing authority was "justified" upon all of the evidence. "'Justified' in connection with 'review' means 'done upon adequate

---

[4] This statute provides in pertinent part: "Within thirty days after action by the commission on a hearing provided for . . . [by statute], the person who was discharged, removed, suspended, laid off, transferred or lowered in rank or compensation . . . may . . . bring a petition . . . in the district court . . . praying that the action of the appointing authority and of the commission in discharging, removing, suspending, laying off or transferring him . . . may be *reviewed* by the court, and, . . . it shall hear witnesses, *review* such action, and determine whether or not upon all the evidence such action was *justified*" (emphasis supplied).

359 Mass. 400      403

Board of Selectmen of Dartmouth *v.* Third District Court of Bristol.

reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law.'" *Sullivan* v. *Municipal Court of the Roxbury Dist., supra,* at p. 573. Where the judge only reviews the record of the testimony which has been presented orally to the officer who had conducted the hearing, "[f]indings based on oral testimony will not be reversed unless plainly wrong. 'The reason for this rule is that the . . . [officer] who has heard the testimony and seen the witnesses face to face has a better opportunity for determining the credibility of their conflicting statements than can possibly arise from reading a record; he "has a great advantage in the search for truth over those who can only read their written or printed words." . . . [citing cases].'" *Mayor of Beverly* v. *First Dist. Court of Essex,* 327 Mass. 56, 61.

In the instant case, we think no purpose would be served in reciting the evidence before the hearing officer. In his "Finding," the District Court judge stated that two of the subsidiary findings of the hearing officer, which tended to indicate that Stebenne was guilty of conduct unbecoming an officer, were "pure conjecture," and that he viewed certain testimony by two witnesses about admissions by Stebenne "with a jaundiced eye." He characterized one of the witnesses as a "crony" and "wonder[ed]" as to the credibility of the testimony."

In questioning the credibility of witnesses, the judge did not confine himself to whether the findings of the hearing officer were supported by the evidence. *Mayor of Beverly* v. *First Dist. Court of Essex, supra.* We have examined the record and applying the principles of *Sullivan* v. *Municipal Court of the Roxbury Dist., supra,* we conclude that the judge's findings amount to error of law. *Commissioner of Civil Serv.* v. *Municipal Court of the City of Boston, ante,* 211, 216. We have considered the grounds set forth in the demurrer and find that they are without merit. In view of our determination that the judge erred in applying an improper standard of review, other issues raised in the brief need not be discussed.

In the county court an order shall enter overruling the demurrer, and judgment is to enter setting aside the decision of the District Court and directing that the action of the board and commission be affirmed.

*So ordered.*