TOWN OF FRANKLIN *vs.* LABOR RELATIONS COMMISSION & another.
February 15, 1973. The town seeks judicial review under G. L. c. 30A,
§ 14, as amended, of a decision of the commission that the town had
engaged in an unfair labor practice. G. L. c. 150A, § 6, as amended.
The final decree of the Superior Court upheld the commission and
the town is appealing therefrom. After holding a hearing on appli-
cations from two rival unions for certification as bargaining agent
(agent) for certain town employees, the commission determined that
the appropriate bargaining unit (unit) would consist of "[a]ll non-
professional employees in the Sewer, Water, Park, Tree and Highway
Departments, including Clerks and Maintenance employees." Al-
though notified of the hearing, the town was not represented. After
an election by the members of the unit, the commission certified the
American Federation of State, County and Municipal Employees,
and its appropriate affiliates (union) as agent on October 26, 1966.
On July 24, 1969, the commission held a hearing on a dispute be-
tween the town and the union on the question whether two clerks in
the departments making up the unit were included in the unit. On
October 9, 1969, the commission notified the parties that the clerks
were included in the unit by its earlier decision. After conferring
with the union, the town having been notified but failing to appear,
the commission, on March 10, 1970, issued a complaint alleging that

the town had refused to bargain with the union as agent for the two clerks and had refused to give them the benefits negotiated for other employees in the unit. At the hearing on the complaint the town attempted to re-litigate the question whether the two clerks were included in the unit. The commission ruled the question was not open. After a hearing on the complaint the commission decided the town had engaged in the unfair labor practices charged, and it ordered (a) that the town cease and desist from refusing to bargain with the union in good faith as to the two clerks and from refusing to give them the same benefits given to other employees in the same unit, and (b) that it recognize the clerks as members of the unit and give them the same benefits as other employees in the unit. After hearing the judge entered a decree which upheld the decision of the commission, specified in amount and other detail the relief to which the two clerks were entitled, and then concluded that "the petition . . . for review be dismissed." The scope of review is defined by G. L. c. 30A, § 14, as amended, and, no error appearing in the record, the decree should have affirmed the decision of the commission without more. The town's argument that the collective bargaining agreement conflicts with a town by-law and that under G. L. c. 149, § 178I, as amended, the by-law must prevail, thus rendering the controversy moot, is not supported by the record. The commission made no finding of such a conflict, and the oral testimony of the town's witness about the contents of town meeting votes or by-laws did not compel such a finding. *Mayor of Beverly* v. *First Dist. Court of Essex*, 327 Mass. 56, 61. The final decree is reversed. A new decree shall be entered affirming the decision of the commission.

*So ordered.*

*James T. Grady* for the Town of Franklin.

*Alexander Macmillan* for the Labor Relations Commission.

*Augustus J. Camelio*, for American Federation of State, County and Municipal Employees, AFL–CIO, interveners, submitted a brief.