2 Mass. App. Ct. 89           89

Commissioners of Civil Serv. *v.* Third Dist. Ct. of E. Middlesex.

COMMISSIONERS OF CIVIL SERVICE & another [1] *vs.* THIRD
DISTRICT COURT OF EASTERN MIDDLESEX & another. [2]

Suffolk. January 16, 1974. — March 26, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Civil Service. District Court,* Review respecting civil service. *Statute,*
Construction. *Words,* "Review," "Justified."

The essential character of a "review" of a decision of the Civil Service
Commission by a District Court under G. L. c. 31, § 45, was not
changed by the amendment of § 45 by St. 1970, c. 711. [91-93]
A suspension of a civil service police officer by the appointing au-
thority, affirmed by the Civil Service Commission, was "justified"
within G. L. c. 31, § 45, as appearing in St. 1970, c. 711, on the
facts that the officer, in demonstrating his service revolver to a
friend, manipulated the ejection mechanism and thereby ejected
five of six bullets, that, without ascertaining whether all the bullets
had been ejected and that the chambers were clear, he squeezed
the trigger while the revolver was pointed at the friend, where-
upon the revolver was discharged and wounded the friend, and
that such handling of the revolver was "careless and negligent"
and in violation of a police regulation; a decision by a District
Court on review under § 45 reversing the decision of the Com-
mission on the ground that the suspension of the officer was arbi-
trary was without supporting facts and was error; it must be set
aside and an order entered in the District Court affirming the
decision of the Commission. [93-94]

PETITION for a writ of certiorari filed in the Supreme
Judicial Court for the county of Suffolk on March 15,
1973.

Upon transfer to this court, the case was reserved and
reported by *Grant,* J., without decision.

*Edward D. Kalman,* Assistant Attorney General, for
the Commissioners of Civil Service & another.

---

[1] The Commissioner of the Metropolitan District Commission.

[2] David A. O'Leary.

*William Goldberg,* Special Assistant Attorney General, for the Third District Court of Eastern Middlesex.

*James A. McAvoy, Jr. (David E. Guthro* with him) for David A. O'Leary.

HALE, C.J.   This is a petition under G. L. c. 249, § 4, for a writ of certiorari to quash a decision of a judge of a District Court which set aside and reversed a decision of the Civil Service Commission (Commission).   The respondent O'Leary filed a demurrer and an answer to the petition.   The petition was originally filed in the Supreme Judicial Court and was transferred to this court (G. L. c. 211, § 4A, and Rule 2:01 of the Appeals Court, 1 Mass. App. Ct. 896 [1972]).   The case was reserved and reported by a single justice to a panel of this court.

We summarize the facts as found by a Commission hearing officer and the proceedings below as disclosed by the return of the petition.   On the evening of April 12, 1972, the respondent O'Leary, who was employed as a police officer by the Metropolitan District Commission (M. D. C.), invited a friend (one Byrne) to his apartment. After consuming several cans of beer, O'Leary demonstrated his service revolver to Byrne.   O'Leary manipulated the ejection mechanism, which operated to eject five of the six bullets; one bullet remained in the chamber.   He did not count the bullets which were removed from the weapon, nor did he look into the chambers to see if they were clear, nor did he refrain from putting his finger on the trigger of the weapon. While the gun was pointed at Byrne, O'Leary squeezed the trigger.   The weapon was discharged, wounding Byrne in the neck.

On April 27, 1972, a hearing was conducted before the Commissioner of the M. D. C., as the appointing authority.   O'Leary was found to have violated Rule 24, § 1, of the Rules and Regulations of the Police Division of the M. D. C. "by displaying conduct unbecoming an [o]fficer in the careless and negligent handling of [his]

service revolver while off duty . . .." He was ordered suspended for six months without pay.

O'Leary appealed from that decision to the Commission pursuant to G. L. c. 31, § 43 (as amended through St. 1971, c. 179, § 4), and on May 15, 1972, a hearing was conducted before a hearing officer appointed pursuant to G. L. c. 31, § 43 (b) (as amended through St. 1970, c. 72, § 2). The officer found the facts recited above and further found that the incident "was the result of careless and negligent handling of a dangerous weapon," and recommended that the Commission affirm the suspension. On August 16, 1972, the Commission met and voted to accept the hearing officer's report and to affirm the suspension.

O'Leary then brought a petition in a District Court under G. L. c. 31, § 45, seeking review of the suspension order. A judge of the Municipal Court of the Brighton District, sitting by designation in the Third District Court of Eastern Middlesex, conducted a hearing and subsequently found "that there was no violation . . . of . . . [Rule 24, § 1]; that the malfunction of the gun in not making a complete ejection of the bullets was hardly foreseeable; [and] that the [a]ppointing [a]uthority acted arbitrarily in the suspension of" O'Leary. He set aside and reversed the decision of the Commission and ordered that O'Leary be awarded back pay as well as $600 in attorney's fees. Thereafter, the petitioners brought this petition for a writ of certiorari.

The parties are in agreement that the central issue in this case is the effect of the 1970 amendment to G. L. c. 31, § 45 (St. 1970, c. 711), on the scope of judicial review of suspension proceedings before the Commission.[3]

---

[3]The standard of review set forth in § 45 (as amended through St. 1955, c. 407, § 2) was as follows: "If the court finds that such action was justified the action of the appointing authority and of the commission shall be affirmed; otherwise they shall be reversed and the petitioner shall be reinstated in his office or position without loss of compensation."

O'Leary argues that a comparison of the pre-1970 version of § 45 with the amended version shows that the Legislature intended to enlarge the scope of review by the District Court. We cannot agree. That amendment, in addition to authorizing a District Court to remand a matter to the Commission for further proceedings, specified the particular factors which must be found before such courts might order the reversal of an action taken by the Commission.[4] The criterion for affirming action by the Commission — a finding that such action was "justified" — remains unchanged.

---

Statute 1970, c. 711, amended that portion of the statute to read as follows: "The court may affirm the decision of the commission if it finds that the decision was justified or remand the matter for further proceedings before the commission; or the court may set aside and reverse the decision of the commission if it determines that such decision is —

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the commission; or

(c) based upon an error of law; or

(d) made upon unlawful procedure; or

(e) unsupported by substantial evidence; or

(f) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

"The court shall make the foregoing determinations upon consideration of the entire record, or such portions of the record as may be cited by the parties.

"If the court finds that the decision of the commission confirming action by an appointing authority . . . should be reversed, the employee shall be reinstated in his office or position without loss of compensation."

[4] An examination of the legislative history of the 1970 amendment discloses no indication of legislative intent to broaden the scope of judicial review. See 1970 House Doc. Nos. 1264, 2933, and 5128 (App. E). It would appear to us that, in enacting St. 1970, c. 711, the Legislature evinced an intent to provide standards of review in proceedings under § 45 similar to those contained in the statutes concerning State administrative procedure. See G. L. c. 30A, § 14 (as amended through St. 1968, c. 637, § 1). *Raytheon Co.* v. *Director of the Division of Employment Security,* 364 Mass. 593, 595 (1974), and cases cited.

More importantly, the essential character of proceedings initiated under § 45 — judicial review in contradistinction to judicial retrial — remains unchanged by the 1970 amendment. To that extent we think that recent decisions by our Supreme Judicial Court articulating the concept of such review, although formulated under the former version of § 45, continue to apply. "'Review' indicates 'a re-examination of a proceeding . . . for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment. It does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made . . ..'" *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 359 Mass. 211, 214 (1971), and cases cited. *Selectmen of Dartmouth* v. *Third Dist. Court of Bristol,* 359 Mass. 400, 402 (1971). *Haywood* v. *Municipal Court of the City of Boston,* 359 Mass. 760 (1971).

Similarly, we think that the meaning of the term "justified," as used in § 45, remains essentially unchanged: "'Justified' in connection with 'review' means 'done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law.'" *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston, supra,* at 214, and cases cited.

In the case at bar, the District Court judge concluded that the appointing authority had acted "arbitrarily." He made no subsidiary findings supporting his determination. From our examination of the record, we can perceive no sound basis for his conclusion. The actions of both the appointing authority and the Commission were fully justified. It would appear to us that the judge simply substituted his judgment for that of the administrative officers, without properly applying the standards of judicial review established by § 45, as amended. Such action amounted to an error of law. *Commissioners of*

*Civil Serv.* v. *Municipal Court of the City of Boston, supra,* at 216. *Selectmen of Dartmouth* v. *Third Dist. Court of Bristol, supra,* at 403.

We have examined the grounds set forth in the respondent O'Leary's demurrer to the petition for a writ of certiorari and conclude that they are without merit.

An order overruling O'Leary's demurrer is to be entered by a single justice of this court. Judgment is to enter setting aside the decision of the District Court in its entirety. An order is to be entered in the District Court affirming the decision of the Commission.

*So ordered.*