Dolan, P.J.
The defendant John Doyle (“landlord"), owner of a rent-controlled apartment leased to the plaintiffs George Ho and Man Ju Ho (“tenants”), sought to evict the Ho family in 1989 pursuant to article XXXVIII of the Brookline By-Laws, which allows landlords to evict tenants when there is a good faith intent to provide the rental unit to a close relative. The landlord’s original application for a certificate of eviction incorrectly named two of the tenants’ daughters rather than the tenants themselves. The certificate of eviction was granted after a hearing before the Rent Control Board of Brookline (“Board”), at which the tenants’ daughters, but not the tenants, were present; and the tenants sought judicial review on the ground that they had not been properly notified of their own eviction proceeding. The court ordered the case remanded for further consideration by the Board, which then granted a certificate of eviction after an additional hearing, at which the tenant George Ho was present. At this hearing, held before a different hearing examiner, the landlord relied on the evidence presented at the first hearing and did not present any new evidence. The court has since upheld the decision of the Board. The tenants argue that the Board’s failure to begin the proceedings de novo once it was determined that they are the rightful tenants in the landlord’s apartment constitutes a violation of their due *191 process rights. This division ordered the Board to vacate the current certificate of eviction and to begin new proceedings against the tenants.
In the second hearing, the Board could not properly rely on the results of the first hearing because the tenants were not made aparty to those proceedings. The hearing examiner in the second hearing did, however, incorporate the written record of the first hearing. During the second hearing, the counsel for the landlord stated that he would question neither the landlord nor his daughter Kristen, since any direct examination would tend to duplicate what had been said in the first hearing. Despite the objections of the tenants’ counsel, the hearing examiner apparently allowed the record of the first hearing to become a part of the record of the second hearing. The landlord did not present a case, and the second hearing consisted chiefly of the testimony of the tenant George Ho and the cross-examination of the landlord by the tenants’ attorney.
The hearing examiner in the second hearing was not, however, in a strong position to be able to judge the credibility of the landlord’s testimony from the first hearing; and there was little basis on which the examiner could try to compare the credibility of the landlord’s direct examination, which she did not hear, to the tenant’s testimony. While the examiner may have been able to assess the landlord’s credibility to some extent during her own observation of the landlord’s testimony under cross-examination, her absence from the direct examination necessarily constitutes an impediment to her ability to weigh the landlord’s testimony. The court has long recognized the “great advantage” of hearing oral testimony over reading a transcript in terms of judging witness credibility. Board of Selectmen of Dartmouth v. Third District Court of Bristol, 359 Mass. 400, 403 (1971); Beverly v. First District Court of Essex, 327 Mass. 56, 61 (1951); Moroni v. Brawders, 317 Mass. 48, 56 (1944); Spiegel v. Beacon Participants, Inc., 297 Mass. 398, 407 (1937); Dickinson v. Todd, 172 Mass. 183, 184 (1898). Conversely, one who can only read a transcript is at a distinct disadvantage regarding the proper evaluation of credibility. The fact that the hearing examiner in the second hearing attempted to weigh the transcribed testimony of one party against the oral testimony of another necessarily means that the ability of the examiner to make a fair evaluation was seriously undermined. The fact that the tenants were not afforded the opportunity to present objections during the landlord’s initial testimony further impeded the tenants’ right to a fair hearing.
In the second hearing, the Board was also in error in the area of burden of proof. The Supreme Court has recognized that where the burden of proof lies can be decisive inacase. Armstrong v. Manzo et ux., 380 U.S. 545, 551 (1965); Speiser v. Randall, 357 U.S. 513, 525 (1958). Inacase ofthis type, the burden ofproofmustbeonthe landlord to demonstrate “good faith” intent to use the apartment for his daughter, as specified in article XXXVIII, section 6(a) (8) of the Brookline By-Laws; and this burden is on the landlord throughout the eviction process. Fisgever v. Brookline Rent Control Board, 1983 Mass. App. Div. 357, 359; Wallace v. Boston Rent Board, 12 Mass. App. Ct. 13, 15-16 (1981). In this case, the Board’s findings of fact indicate that the burden of proof had been improperly shifted onto the tenants during the second hearing.
The Board made no finding in the decision following the second hearing to indicate that the landlord was seeking to recover possession of the tenants’ unit in good faith for the use of his daughter. Instead, the Board stated that in the first hearing, “the Board found that the landlord was seeking to recover possession of Unit #01A in good faith for use and occupancy of his daughter, Kristen Doyle.” The Board further stated that the tenants “did not produce any evidence to overturn the original Board Decision of March 13,1990 to issue a certificate of eviction.”
In failing to make a specific finding of good faith intentfollowing the second hearing and in improperly shifting the burden of proof onto the tenants, the Board has denied the tenants due process. The certificate of eviction is ordered to be vacated, and the case is remanded to the Board for a de novo hearing.