Donohue, J.
Plaintiff, Mary E. O’Rourke (“O’Rourke”), brought this action seeking judicial review of a decision of the defendant, Contributory Retirement Appeal Board (“CRAB”), denying her application for accidental disability retirement benefits claiming that the CRAB’S rejection of the stipulation entered into by O’Rourke and the defendant, Worces *530 ter Retirement Board (“the Board”) that she was injured while in the performance of her duties was an error of law under G.L.c. 30A, §14. The CRAB and the Board oppose O’Rourke’s motion and in their cross-motions for judgment on the pleadings, claim that “substantial evidence” exists to support the CRAB’s decision. For the foregoing reasons, CRAB’s decision is affirmed.
BACKGROUND
A review of the record reveals the following. At the time of her injury, O’Rourke was employed by the City of Worcester as a Worcester City Hospital licensed practical nurse. On February 5, 1986, O’Rourke was injured when, descending a staircase from the third to the second floor at the Worcester City Hospital, she slipped on a wet stairway. O’Rourke was on medical leave from the date of her injury until June 1986, when she returned to work for one month; however, she stopped working on July 9, 1986 and returned to medical leave. She had not returned to work since that time. The Worcester City Hospital eliminated her position on September 5, 1991.
In 1992, O’Rourke filed an application for accidental disability with the Board. A regional medical panel convened by the Board diagnosed O’Rourke with degenerative disc disease of the lower lumbar spine, but concluded that O’Rourke was not mentally or physically incapacitated and, therefore, not substantially incapable of performing her job. Thereafter, on July 29, 1993, the Board rejected O’Rourke’s application for accidental disability retirement.
O’Rourke timely appealed the Board’s decision to CRAB and this decision was subsequently litigated before an administrative magistrate of the Division of Administrative Law Appeals (“DALA”) in September 1994. One month later, the DALA denied O’Rourke’s application based upon its finding that O’Rourke was not in the performance of her duties when she incurred her back injury. DALA made this finding despite the joint pre-trial statement filed by the parties stipulating that O’Rourke was injured in the performance of her duties. Thereafter, CRAB adopted the DALA’s findings of fact and affirmed the decision of the Board.
O’Rourke timely appealed CRAB’s decision to the Worcester Superior Court, pursuant to G.L.c. 30A, §14. Judge Fremont-Smith heard the matter and remanded it for further hearings to determine if O’Rourke’s injuries were sustained while in the performance of her duties and, if so, whether the stipulation to the contrary was “erroneous on its face.” [7 Mass. L. Rptr. 17.)
On remand, DALA held an evidentiary hearing on July 18, 1997. O’Rourke testified at this hearing as did Patricia Dineen (“Dineen”), O’Rourke’s co-worker, and Judith Lucas (“Lucas”), O’Rourke’s supervisor. O’Rourke and Dineen testified that O’Rourke was carrying records that she intended to bring to the records room when she fell on the stairway. They further testified that only after O’Rourke brought the records was she to proceed to the cafeteria to meet Dineen for a break. Lucas testified that she witnessed the accident from a higher point on the stairwell and that she did not recall seeing O’Rourke carrying any papers at the time she fell. Lucas further testified that she immediately accompanied O’Rourke to the nurse to report the incident. DALA also reviewed O’Rourke’s testimony in the original hearing before DALA, in September 1994, where she stated that she was on her way to a coffee break when she was injured, and O’Rourke’s original application for accidental disability retirement benefits, wherein she stated that she was walking down to the cafeteria when she slipped on the stairs.
DALA concluded that at the time she was injured, O’Rourke was on her way to a coffee break, and not in the performance of her duties, and, therefore denied O’Rourke’s application for accidental disability retirement benefits. In its ruling, DALA noted that only at the remand hearing did O’Rourke assert that she was on her way to the records room to bring files there when she slipped. DALA also found Dineen’s testimony unreliable and accorded weight to Lucas’s testimony pointing to the fact that she was the only person named in O’Rourke’s original application for accidental disability retirement benefits, on the First Injury Report, and on the hospital’s Notice of Injury as a witness to the incident. Accordingly, DALA found that the stipulation entered into by O’Rourke and the Board to be “erroneous on its face.”
CRAB subsequently adopted by reference the facts found by DALA, concluded that O’Rourke was not injured in the performance of her duties, and upheld the decision of the Board. O’Rourke thereafter timely appealed DALA’s decision to this Court, pursuant to G.L.c. 30A, §14.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Bd. of Appeal on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Comm., 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholics Beverages Control Comm’n, 371 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it *531 de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982).
The Superior Court’s obligation with respect to reviewing a decision of CRAB is narrower than the G.L.c. 30A, §14 review of other administrative agency decisions. Libson v. Contributory Retirement Appeal Bd., 41 Mass.App.Ct. 246, 257 (1996). The Court “may set aside or modify a CRAB decision only if, after giving due regard to CRAB’s expertise in applying the public retirement statute to a variety of factual situations ... the CRAB decision is unsupported by substantial evidence.” (Internal citations and brackets omitted.) Id. General Laws c. 30A, §1(6) defines “substantial evidence" as “such evidence as a reasonable mind might accept as adequate to support a conclusion.”
A review of the remand hearing record demonstrates that substantial evidence exists to support DALA’s conclusions that O’Rourke’s injury did not occur “while in the performance of her duties” and that the stipulation “was erroneous on its face.” O’Rourke stated in her original application for accidental disability retirement benefits filed September 25, 1992, that she was “walking down to the cafeteria” when she slipped on the stairs. Additionally, at the original DALA hearing on September 22, 1994, O’Rourke testified that she was on her way to a coffee break when she slipped. It was not until the remand hearing that O’Rourke stated for the first time that she was walking to the records room to drop off files when she slipped. Although Dineen’s testimony at the remand hearing supported O’Rourke’s version, Dineen was not listed as a "witness to the incident in O’Rourke’s initial application for benefits nor did she testify at the September 22, 1994 hearing. In contrast, Lucas, who was the only witness to the incident listed in O’Rourke’s initial application for benefits, testified that she could not recall O’Rourke holding files when she slipped. Thus, because an employee who falls going from one place where she had an employment obligation to another place where she did not is not considered to have been injured “in the performance of her duties,” O’Rourke’s injuries did not occur in the performance of her duties. See Namvar v. Contributory Retirement Appeal Bd., 422 Mass. 1004, 1005 (1996) (ruling that the professor was not injured “while in the performance of’ her duties when, after eating lunch at the college cafeteria, she slipped and fell while walking to her office to hold office hours for students).
Under 801 Code Mass. Regs. §1.01 8(c)(2), a DALA administrative magistrate is not required to accept a stipulation if it is “contrary to law” or “erroneous on its face.” This Court has found that there was substantial evidence to support a determination that O’Rourke’s injury did not occur “while in the performance of her duties” under the standard set forth in Namvar. Id. at 1004. Therefore, that same substantial evidence supports the administrative magistrate’s decision that the stipulation to the contrary is “erroneous on its face.” Although the term “erroneous on its face” is not defined within the regulation, “(f]undamental precepts of judicial review mandate judicial deference to any expert agency’s interpretation and application of the statute within its charge ...” Hotchkiss v. Slate Racing Comm’n, 45 Mass.App.Ct. 684 (1998). Given its plain meaning, “erroneous on its face” connotes error within “the words of a written paper in their apparent or obvious meaning ...” Black’s Law Dictionary 712 (rev. fifth ed. 1979). Thus, the administrative magistrate’s determination that the stipulation was “erroneous on its face” is supported by the substantial evidence to the contrary that O’Rourke was not injured “in the performance of her duties.”
O’Rourke further contends that the administrative magistrate’s decision that O’Rourke’s stipulation with the Board was “erroneous on its face” was itself an error of law. O’Rourke argues that, in reviewing a stipulation, an administrative magistrate should simply examine whether any evidence exists in support of the stipulation; and, if such evidence exists, that the administrative magistrate is bound to accept the stipulation. This proposition flies in the face of the Legislature delegating to expert agencies, such as CRAB, the power to make “discretionary choice[s] in the implementation of the statutory scheme it has been empowered by the Legislature to oversee.” Id. at 689.
O’Rourke also argues that the administrative magistrate exceeded the scope of her review set forth in 801 Code Mass. Regs. §1.01(8)(c)(2) because the administrative magistrate weighed evidence and made credibility determinations in concluding the stipulation was erroneous on its face. However, O’Rourke has failed to cite any statute or case in support of such a limited scope of review of stipulations. Contrary to O’Rourke’s argument, it is well established that weighing the credibilily of competing witnesses is well within the domain of the fact finder, as the “officer who has heard the testimony and seen the witnesses face to face has a better opportunity for determining the credibility of their conflicting statements than can possibly arise from reading a record; he has a great advantage in search for truth over those who can only read their written or printed words.” Vinal v. Contributory Retirement Appeal Bd., 13 Mass.App.Ct. 85, 94 n.6 (1982), quoting Selectmen of Dartmouth v. Third Dist. Court of Bristol, 359 Mass. 400, 403 (1971) (citations and brackets omitted).
The administrative magistrate found that O’Rourke’s testimony at the remand hearing contradicted her prior testimony and that the testimony of her colleague Dineen was not credible. The remand hearing was the first time O’Rourke testified she was on the way to the file room prior to her break. The administrative magistrate found Dineen’s testimony to the effect that she had not discussed her testimony with anyone, including O’Rourke or her counsel, prior to her being called to testify “strained credulity.” The *532 magistrate credited Lucas’s testimony, on the other hand, because she was the only witness listed in O’Rourke’s original application for benefits, the Employer’s First Report of Injury, and the Hospital’s Notice of Injury. Despite the fact that Lucas could not recall certain details of the incident, the magistrate credited Lucas’s testimony that O’Rourke did not have files in her possession when she slipped. This court finds that the administrative magistrate’s credibility determinations were well within the bounds of her authority.
ORDER
For the foregoing reasons, it is hereby ORDERED the decision of the Contributory Retirement Appeals Board is AFFIRMED.