THOMAS P. MURRAY *vs.* JUSTICES OF THE MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk.    January 20, 1919. — June 19, 1919.

Present: RUGG, C. J., LORING, BRALEY, & CARROLL, JJ.

*Civil Service*, Review of removal. *Words*, "Review," "Without proper cause."

The "review," provided for by St. 1918, c. 247, § 3, upon a petition filed in a police, district or municipal court, of the action of an officer or board resulting in the removal from office, transfer, lowering in rank or compensation or suspension of certain persons classified under the civil service, is not a complete new trial of the case upon its merits, where the whole matter is reopened and tried again regardless of the initial decision.

The provision of the statute above described is for a re-examination of the action sought to be reviewed for the purpose of revising it if it appears not to have been based upon the exercise of an unbiased and reasonable judgment, and does

not import a reversal of such action if it is found to have been honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although the evidence was of such a character respecting its weight that two impartial minds well might record different conclusions and the reviewing magistrate, if trying the whole issue afresh, might make a different finding from that being reviewed.

Under the provisions of that statute, that the reviewing court "shall affirm said order unless it shall appear that it was made without proper cause or in bad faith," if the reviewing judge finds that he would "not have arrived, on a careful consideration of the entire evidence presented at the public hearing, at the conclusion reached" by a board whose action was being reviewed, but would "on this evidence have found that these charges were not sustained," but that, if the board believed the testimony of a certain witness, which was fairly and honestly given, such "evidence taken by itself was sufficient to justify a finding that" the charges were sustained, and that the board did believe such evidence, a further finding by the judge, that the decision of the board was not made in bad faith and that it did not appear that it was made without proper cause, is warranted and a dismissal of the petition is proper.

PETITION, filed on August 13, 1918, for a writ of certiorari quashing a judgment of the Municipal Court of the City of Boston, affirming, in proceedings brought by the petitioner under St. 1918, c. 247, § 3, the action of the board of trustees of the Boston State Hospital in removing the petitioner from the position of engineer.

The petition was heard by *Crosby,* J., who ordered that the writ should issue as prayed for, and, at the request of the respondents, reported the case for determination by the full court.

*M. L. Levenson,* Assistant Attorney General, for the respondents.

*F. W. Mansfield,* for the petitioner.

RUGG, C. J. The petitioner was removed from his employment as assistant engineer at the Boston State Hospital after hearing had in conformity to the civil service law. Thereafter he filed a petition in the Municipal Court of the City of Boston under St. 1918, c. 247, § 3. It there is enacted that a person removed from such employment may file a petition praying that the action of the officer or board in making such removal may be reviewed by the court, and that after appropriate notice the court shall "review such action, hear the witnesses, and shall affirm said order unless it shall appear that it was made without proper cause or in bad faith, in which case said order shall be reversed and the petitioner be reinstated. . . ." The return shows that the judge who heard the petition among other matters

found that the order of removal was made in good faith. Other findings and rulings are in these words: "As to the specifications assigned under the head of 'Incompetence,' while I should not have arrived on a careful consideration of the entire evidence presented at the public hearing, at the conclusion reached by the trustees, but should on this evidence have found that these charges were not sustained, yet, I find, if the trustees believed the testimony of the chief engineer, and the evidence offered in corroboration thereof, in preference to that offered by the petitioner in refutation thereof, that evidence taken by itself was sufficient to justify a finding that said charges of incompetence had been sustained. I find that the testimony of the chief engineer was fairly and honestly given, that in giving it he was actuated by no improper or unworthy motive, that he honestly believed the charges which he had preferred against the petitioner to be true, that in giving his evidence he showed no bias or hostility toward the petitioner, and that his testimony was believed by the board of trustees and in the main formed the basis of the decision at which in good faith they arrived, that the petitioner should be discharged. I rule that under the law the burden is on the petitioner to establish affirmatively by a fair preponderance of evidence that in removing him the trustees acted either in bad faith or without proper cause, and that this burden has not been sustained." The order of removal was affirmed. This petition for a writ of certiorari to quash the record of the Municipal Court of the City of Boston for errors of law was thereupon brought.

The case turns upon the interpretation of the crucial part of the statute, which has already been quoted. The correct meaning must be gathered from the words used and the end apparently aimed at by the General Court in passing the statute. The requirement, that the court shall "review" the action of the officer or board making the removal, must be construed in connection with the further mandate that, after hearing the witnesses, he "shall affirm said order unless it shall appear that it was made without proper cause or in bad faith." Treating these provisions in relation to each other, they are not equivalent to common provisions of law respecting hearings on appeal, where the whole matter is reopened and tried again regardless of the initial decision. The

order of removal is to be reversed only when "made without proper cause or in bad faith." That provision differs manifestly from one providing for a complete new trial or a full hearing of the matter upon its merits. Removal without proper cause includes a removal for reasons which are insufficient, frivolous or irrelevant, and a removal grounded upon evidence which to fair minded persons appears inadequate to justify the conclusion reached but falling short of an exercise of bad faith. This may not be an exhaustive definition, but it is sufficient for the present case. The word "review" does not in this connection imply a retrial upon the merits. It indicates a re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment. It does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although of a character respecting the weight of which two impartial minds might well reach different conclusions, and upon which the reviewing magistrate, if trying the whole issue afresh, might make a different finding. It was entirely consistent for the judge of the Municipal Court to feel that he would decide the case differently on its merits, if it had been within his jurisdiction to do so, and yet to find that the decision of the superintendent and board of trustees of the hospital did not appear to have been "made without proper cause." *Swan* v. *Justices of the Superior Court*, 222 Mass. 542.

He ruled correctly that the burden of proof of establishing the essential statutory facts rested upon the petitioner. That also is involved in the words of the statute.

Cases relating to the course of procedure upon writs of review are not controlling in this connection, because it there is expressly provided that the case shall be tried anew.

It follows that as matter of law the entry must be

*Petition dismissed.*