MAYOR OF MEDFORD *vs.* JUDGE OF FIRST DISTRICT COURT OF EASTERN MIDDLESEX.

Middlesex.   January 9, 10, 1924. — June 12, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Certiorari.   District Court.   Police Officer*, Removal for cause.   *Civil Service.*

Upon the hearing of a petition for a writ of certiorari to bring before this court a record properly extended so as to show the principles of a decision by an inferior tribunal, whose duties are judicial or *quasi* judicial in nature, findings of fact are not commonly open to revision, but only errors of law can be reviewed.

In reviewing under G. L. c. 31, § 45, the action of a mayor in removing a police officer of a city on charges filed before him on February 13, 1923, alleging conduct unbecoming an officer on March 30, 1922, a judge of a district court held that " A charge made February 13, 1923, of conduct unbecoming an officer on March 30, 1922, is too remote to be entered as a charge . . . ." *Held*, that such conclusion could not rightly be regarded as anything other than a ruling of law and that it was erroneous, the offence charged not being too remote in time as matter of law to be considered as a basis for removal.

At the hearing under G. L. c. 31, § 45, in review by a judge of a district court of action of the mayor of a city in removing from duty a member of the police force on a charge that on January 16, 1923, the officer was guilty of conduct unbecoming a police officer, no oral evidence was

presented, but by agreement the case was submitted on the charges made and a stenographic report of the evidence and proceedings before the mayor, the mayor's decision and the rules and regulations of the police department. The district court judge in his decision stated that " no evidence supports " the charge relating to January 16, 1923. The evidence reported tended to show improper relations on the date named between the patrolman and a woman not his wife in a room occupied by both of them. *Held,* that

(1) While it was not clear whether the decision of the judge was a ruling of law or an attempt to determine the credibility of the evidence shown by the record, this court treated it as a ruling of law;

(2) The ruling was erroneous since there was evidence reported which warranted the decision by the mayor;

(3) The circumstance that the evidence upon which the finding of the mayor was based related to a time when the police officer was not in uniform and not on duty was not decisive: his conduct while off duty and in civilian clothes might be of such nature as to show him unfit to act as a police officer;

(4) The facts, appearing in the record, that the officer did not testify at the hearing before the mayor and did not deny the testimony against him or explain his conduct as disclosed thereby, were circumstances entitled to weight against him.

The function of a judge of a district court under G. L. c. 31, § 45, in reviewing action of an officer or board in removing a member of the police force is not to give a complete new trial or a full hearing of the case upon its merits but merely to " affirm the decision of the officer or board unless it shall appear that it was made without proper cause or in bad faith."

Charges filed with a mayor under G. L. c. 31, § 44, for the removal of a police officer are not to be construed with the strictness of an indictment or complaint.

A charge filed before a mayor seeking the removal of a police officer was that he was guilty of violating the rules of the police department on a certain date. The officer made no objection to the charge on the ground that it was vague or indefinite, and did not ask for further specifications. He was afforded every opportunity to present all evidence that he desired, but rested his case at the conclusion of evidence against him. The mayor found him guilty on the charge and ordered his removal. A review was had before a judge of a district court under G. L. c. 31, § 45, and the judge ruled as follows: " The rules and regulations of the police department of the city of Medford are contained in a book of seventy-eight pages. No violated rule is set forth and it is not supposed that the charges included all of them. The allegation is too vague." *Held,* that

(1) While the charge might have been more specific, in the circumstances and on the record there was nothing to indicate that substantial justice was not done to the officer;

(2) It was doubtful whether it could have been ruled as matter of law that the action of the mayor should be set aside, on the ground stated by the judge, as made " without proper cause ";

(3) While it was not necessary to decide that point, this court *stated* that they should hesitate to order the issuance of a writ of certiorari on such ground.

At the trial before a mayor under G. L. c. 31, § 44, of charges seeking the removal of a police officer which contained allegations that in March, 1922, and in January, 1923, he had performed improper acts, the mayor admitted evidence of five different offences by the police officer, respectively in September, 1907, April, 1911, November, 1916, June, 1918, and February, 1919. The mayor having found the officer guilty on the charges, added, " I further find that if just cause for removal as aforesaid does not exist in the findings and decision hereinbefore made under . . . [the specifications named] just cause for removal exists in them in view of the previous record of the officer above set forth." On a review of the action of the mayor by the judge of a district court under G. L. c. 31, § 45, the judge stated: " I am of the opinion that the decision and removal was not altogether based, if at all, upon the charges as legally presented " in the charges before the mayor " but upon some five additional offences . . . [specified by earlier dates]. The mayor expresses doubt that just cause for removal exists when confined to the charges filed . . . [before him], and upon which the hearing was held." Upon a petition for a writ of certiorari to quash the action of the judge of the district court, it was *held,* that

(1) The interpretation by the judge of the district court of the action of the mayor was not correct;

(2) Such interpretation presented only a question of law;

(3) The action by the mayor as stated in his decision was explicit and the added statement quoted above was not an expression of doubt but was rather in the nature of further facts in fortification of a conclusion already reached and stated in unequivocal words;

(4) While the previous record of the officer in the police department could not properly have been made or used as a ground for removal unless specified as one of the " reasons specifically given in writing " under G. L. c. 31, § 44, it well might have been considered on the question of the ultimate action on other charges.

PETITION, filed in the Supreme Judicial Court on July 12, 1923, seeking a writ of certiorari requiring the respondent to certify the record of proceedings before him reviewing action of the petitioner relating to the removal of one Daniel J. Fitzpatrick from the office of patrolman of the city of Medford.

The petition and the answer thereto set out all of the record in the district court. The charges against Fitzpatrick, so far as material, were as follows:

" 2. That on or about March 30, 1922, and on or about January 13, and January 16, 1923, your conduct was unbecoming a police officer of the city of Medford.

" 3. That on January 15, . . . 1923, you violated the rules of the police department of the city of Medford."

The evidence before the mayor, petitioner herein, tended to show improper relations between Fitzpatrick while a patrolman and a woman to whom he was not married, in rooms occupied by both of them on March 30, 1922, and January 16, 1923, and that on January 15, 1923, Fitzpatrick had falsely stated sickness as a reason for procuring leave of absence from duty.

The case came on to be heard by *Crosby*, J., and was reserved by him for determination by the full court.

*L. G. Brooks*, for the petitioner.

*F. P. Garland*, (*F. D. Healy* with him,) for the respondent.

Rugg, C.J.   This is a petition for a writ of certiorari brought by the mayor of Medford against the judge of the First District Court of Eastern Middlesex.

The usual function of a writ of certiorari is to enable a party without remedy by appeal, exception or other mode of correcting errors of law committed against his rights, to bring the true record of an inferior tribunal, whose proceedings are judicial or *quasi* judicial in nature, properly extended, so as to show the principles of the decision, before a superior court for examination as to material mistakes of law apparent on such record.   Only errors of law can be reviewed.   Findings of fact are not commonly open to revision. The case at bar is a proper one for certiorari.   *Driscoll* v. *Mayor of Somerville*, 213 Mass. 493.   *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 544.   *Commissioner of Public Works of Boston* v. *Justice of Municipal Court of Dorchester District*, 228 Mass. 12, 16.   *Westport* v. *County Commissioners*, 246 Mass. 556.   *Rex* v. *Nat Bell Liquors, Ltd.* [1922] 2 A. C. 128, 153–156.

The petitioner in the case at bar, acting as mayor, removed one Fitzpatrick as police officer of Medford.   The police officer was within the classified service.   There was compliance with all requirements of the statute as to notice and hearing.   After his removal, Fitzpatrick brought a petition in the district court of the judicial district where he resided addressed to the respondent as judge of that court, praying

that the action of the mayor in removing him be reviewed. This petition is brought against the respondent to correct the errors of law alleged to have been committed by him in the proceedings on that petition and to be apparent on the face of his return.

The return of the respondent shows that no oral testimony was presented at the hearing here attacked but that by agreement the case was submitted upon the charges made against Fitzpatrick, a stenographic report of the proceedings and evidence before the petitioner acting as mayor at the hearing held by him under G. L. c. 31, § 44, the decision rendered by him upon such hearing and the rules and regulations of the police department of Medford.  The charges on which Fitzpatrick was removed were in groups numbered from 1 to 5.  The petitioner acting as mayor, found Fitzpatrick " guilty of conduct unbecoming an officer on March 30, 1922, and on January 16, 1923," and " guilty of violating the rules of the Police Department on January 15, 1923."  These findings followed substantially word for word the " reasons specifically given in writing " to him under G. L. c. 31, § 44, as charge numbered 2 and the first of several dates in charge numbered 3.  He was exonerated on the other charges.  The conclusion of the findings of the petitioner acting as mayor was that the " order of removal was and hereby is made for just cause and for specific reasons duly given."

The respondent in his review of the decision of the petitioner acting as mayor held that " A charge made February 13, 1923, of conduct unbecoming an officer on March 30, 1922, is too remote to be entered as a charge, and no evidence supports January 16, 1923."

The first of these conclusions cannot rightly be regarded as anything other than a ruling of law.  It was erroneous. No such period of limitation as less than eleven months bars conduct unbecoming a police officer from being considered as a reason for removing him.  It is the character of the breach of duty which ought to have weight on the question of removal and not the period of time, within reasonable limits, after which the charge is made.  A long delay in bringing forward a charge of that nature as a reason for re-

moval might be evidence of bad faith, although that here disclosed, in the absence of circumstances giving color to the transaction, would seem short even for that purpose. The finding of the respondent is explicit that the removal was not made in bad faith. This charge was not too remote in time as matter of law to be considered as a basis for removal.

The second part of this conclusion of the respondent is that no evidence supports the charge of conduct unbecoming an officer on January 16, 1923. This is not clear. If it be treated as a ruling of law, it also was wrong. There was testimony of conduct on the part of the officer on that day, which, given full effect, might well have supported the finding made by the petitioner while acting as mayor. This evidence need not be stated in detail. The circumstance that this testimony related to a time when the officer was not in uniform and was not on duty is not decisive. His conduct while off duty and in civilian clothes might be of such nature as to show him unfit to continue to act as a police officer. Fitzpatrick did not testify at the hearing before the mayor and did not deny the testimony against him or explain his conduct as disclosed by that testimony. That was a circumstance entitled to weight against him. *Attorney General* v. *Pelletier,* 240 Mass. 264, 316, and cases there collected. If the testimony was believed, the incident therein described, without explanation, was as matter of law of a character to support the charge and the action of the petitioner acting as mayor. This conclusion of the respondent is susceptible also of the construction in connection with the whole record that the respondent regarded the evidence as not credible. While disbelief of evidence is within the power of a trial magistrate or tribunal when testimony is oral and the appearance and manner of the witness have much to do with its credibility, *Commonwealth* v. *Russ,* 232 Mass. 58, 70, it is doubtful whether that principle is applicable in a proceeding like the present to evidence presented in the form of a transcript of uncontradicted testimony believed by the removing officer who saw the witnesses. See *Fountaine's case,* 246 Mass. 513. This is not a retrial of the case as if it were unqualifiedly appealed

from one° court to another.   In the words of G. L. c. 31, § 45, it is a " review " of the action of the removing officer or board, and the judge is required to " affirm the decision of the officer or board unless it shall appear that it was made without proper cause or in bad faith."   The function of the judge under this statute is not to give a complete new trial or a full hearing of the case upon its merits.   " Removal without proper cause includes a removal for reasons which are insufficient, frivolous or irrelevant, and a removal grounded upon evidence which to fair minded persons appears inadequate to justify the conclusion reached but falling short of an exercise of bad faith."   *Murray* v. *Justices of the Municipal Court of Boston*, 233 Mass. 186, 189.   *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 547, 548.   While not wholly plain, we interpret this second conclusion of the respondent as a ruling of law and erroneous for the reasons already stated.

The petitioner acting as mayor found Fitzpatrick guilty of violating the rules of the police department on January 15, 1923.   With respect to this the respondent said, " The rules and regulations of the police department of the city of Medford are contained in a book of seventy-eight pages. No violated rule is set forth and it is not supposed that the charges included all of them.   The allegation is too vague." Manifestly this is a ruling of law that a charge in this phrase was not sufficient to warrant executive action.   The charge well might have been more specific.   Perhaps it ought to have been more specific under the statute.   No objection was made by Fitzpatrick on this ground.   The transcript of proceedings before the petitioner acting as mayor shows that Fitzpatrick did not ask for further specifications.   He apparently was willing to go forward with the hearing on the charges as framed.   It is an implied condition of the exercise of the power of removal, in addition to those expressly stated in the statute, that the hearing before the removing officer or board shall be fairly conducted, " that the decision shall be based upon evidence of the truth of the charges, and that no immunity, or privilege, secured to the accused by the law of the land, shall be violated."   *People* v. *Waldo*, 212 N. Y. 156,

167.    The record shows that Fitzpatrick was afforded opportunity to present all the evidence he desired. He simply rested his case at the conclusion of the evidence against him. There was no suggestion that he had been taken by surprise or desired further time before opening his defence or to present evidence.    The charges are not to be construed with the strictness of an indictment or complaint in a proceeding like the present.    There is nothing to indicate that substantial justice was not accorded to Fitzpatrick in this particular.    It is doubtful whether it could have been ruled as matter of law that the action of the mayor should be set aside on this ground, as made "without proper cause." *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 548. *People* v. *Board of Police Commissioners,* 93 N. Y. 97, 102. We should hesitate to order the writ to issue on this ground. But it is not necessary to decide this point.

At the hearing before the petitioner acting as mayor there was introduced in evidence against the objection of Fitzpatrick the records of the police department concerning him. These records disclosed five different offences with the punishment awarded for each.    They were neglect of duty and violation of rules in September, 1907, neglect of duty in April, 1911, being absent from duty without leave in November, 1916, absence without leave for four days in June, 1918, and absence without leave in February, 1919. No reference was made to these previous lapses from duty in the " reasons specifically given in writing " by the mayor to Fitzpatrick under G. L. c. 31, § 44.    The petitioner acting as mayor in his decision made findings that these other offences of Fitzpatrick were shown by the records of the police department, and added, " I further find that if just cause for removal as aforesaid does not exist in the findings and decision hereinbefore made under specifications 2 and 3, just cause for removal exists in them in view of the previous record of the officer above set forth."

The respondent with reference to this aspect of the case says:. " I am of the opinion that the decision and removal was not altogether based, if at all, upon the charges as legally presented in the five charges set forth under date of February

13, 1923, but upon some five additional offences beginning September 10, 1907, and ending January 28, 1919, upon which punishment duly had been imposed. . . . The mayor expresses doubt that just cause for removal exists when confined to the charges filed February 13, 1923, and upon which the hearing was held." This interpretation of the action of the petitioner acting as mayor is not correct. That action was set forth in his written " Decision." Since no oral evidence was presented at the hearing on review before the respondent, the interpretation of that " Decision " presented only a question of law. Since it has been found by the respondent that the petitioner did not make the removal in bad faith, it follows that the statements of his reasons and grounds set forth in his " Decision " are honest and true. They cannot be disregarded. The statement in the " Decision " by the mayor is that the removal " was and hereby is made " for the reasons specified in the charges. That is explicit. The further statements in the decision are not an expression of doubt on what has been previously said. They are rather in the nature of further facts in fortification of a conclusion already reached and stated in unequivocal words.

The previous record of Fitzpatrick in the police department well might have been considered on the question of the ultimate action on other charges; it could not have been made or used as a ground for removal unless specified as one of the " reasons specifically given in writing " under G. L. c. 31, § 44.

*Writ of certiorari to issue.*