COMMISSIONERS OF CIVIL SERVICE vs. MUNICIPAL COURT
OF THE CITY OF BOSTON & another.[1]

Suffolk.    September 18, 1975. — November 10, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Civil Service.    District Court,* Review respecting civil service.    *Practice, Civil,* Extraordinary review.

Statement of the scope of review by a judge of a Municipal Court
upon a petition under G. L. c. 31, § 45, as amended through
St. 1970, c. 711.  [86-88]

Upon a petition for review under G. L. c. 31, § 45, as amended,
a judge of a Municipal Court was not justified in reversing a
decision of the Civil Service Commission, as unsupported by sub-
stantial evidence, that the position of the petitioner, a clerk-
typist for the office of the selectmen of a town and for its building
department, was not essential and had been abolished by the ap-
pointing authority for proper cause and in good faith, where it
appeared that by the time of the abolition of the position five and
one-half years after the petitioner was hired the workload of the
building department had declined and her duties for it had been
"reassigned or assumed" by other employees, and that there was
no need for the petitioner's services in the selectmen's office or by
the board of appeals; the judge's substitution of his judgment for
that of the commission was error of law, and its decision was
affirmed by this court.  [88-90]

The Commissioners of Civil Service were entitled to obtain review of
a decision which a judge of a Municipal Court made in a proceed-
ing under G. L. c. 31, § 45, as amended, by a civil action in the
nature of certiorari commenced in the Supreme Judicial Court
pursuant to c. 249, § 4, as appearing in St. 1973, c. 1114, § 289,
after the effective date of the Massachusetts rules of civil and
appellate procedure set forth in 365 Mass. 730, 844 (1974), and
"within two years next after" the proceeding under c. 31, § 45.
[90-91]

---

[1] Katherine R. Scevola.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 12, 1974.

The case was reserved and reported by *Kaplan, J.*

*Alan K. Posner,* Assistant Attorney General, for the Commissioners of Civil Service.

*Edward C. Peck,* Town Counsel, for the town of West Springfield, amicus curiae.

*Herbert Murphy* for Katherine R. Scevola.

HENNESSEY, J. This is an action brought by the Commissioners of the Civil Service Commission (Commissioners) in the nature of certiorari under G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, to quash a decision of a judge of the Municipal Court of the City of Boston regarding the elimination of the defendant Mrs. Katherine R. Scevola's position as clerk-typist for the town of West Springfield. The Municipal Court judge, reversing the finding of the Civil Service Commission (commission) that the position was abolished for proper cause, ordered her reinstatement without any loss of compensation. A single justice of this court reserved and reported the case, without decision, for the determination of the full court.

We summarize both the facts as presented to the commission hearing officer and the proceedings below as disclosed by the record. In June, 1966, Mrs. Scevola was hired by the town of West Springfield as a clerk-typist for the board of selectmen's office and the building department. She performed varied secretarial tasks for the building inspector on a part time basis, worked as a relief switchboard operator for an hour and a half a day, and starting in 1969, did some work on a sporadic basis for the board of appeals. Half of her salary came from funds of the board of selectmen and the other half came from funds of the building department. After a hearing on January 20, 1972, the board of selectmen voted two to one to abolish Mrs. Scevola's position on the ground that there was insufficient need in either department for part

time clerical help, and that, as an economy measure, her duties could be performed by existing town employees.

Mrs. Scevola appealed to the commission and de novo hearings were held pursuant to G. L. c. 31, § 43 (b), before a hearing officer of the commission. After hearing testimony from Mrs. Scevola, the building inspector and the clerk to the board of selectmen, the commission hearing officer found that Mrs. Scevola's position was not essential and had been abolished for proper cause and in good faith. On May 10, 1972, the commission met and voted to accept the hearing officer's report and to affirm the abolition of the clerk-typist position.

On May 31, 1972, Mrs. Scevola brought a petition in the Municipal Court of the City of Boston pursuant to G. L. c. 31, § 45, seeking review of the decision of the commission. The Municipal Court judge, after reviewing the transcript of the evidence before the commission hearing officer, found that the "real reason" for abolishing Mrs. Scevola's position was the friction between the building inspector and her and that the reasons stated by the board of selectmen and the building inspector were merely a subterfuge to conceal their real motivations. The judge reversed the decision of the commission and ordered the reinstatement of Mrs. Scevola without any loss of compensation. Thereafter, the Commissioners brought this action in the nature of certiorari.

The central issue before us is whether the Municipal Court judge, in reversing the findings of the commission for lack of substantial evidence, exceeded his authority under G. L. c. 31, § 45, by failing to apply properly the standards of judicial review.

1. Under G. L. c. 31, § 45, as appearing in St. 1970, c. 711, pertinent portions of which are set out in the margin,[2] a civil service employee may file a petition to

---

[2] General Laws c. 31, § 45, in pertinent part reads as follows: "The review shall be conducted by the court and shall be confined to the

review an adverse determination of the commission in the Municipal Court of the City of Boston or in the District Court within the judicial district where the employee resides.

As we have noted in the past, the essential nature of a proceeding initiated under § 45 is to provide for judicial review and not judicial retrial. See *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 359 Mass. 211, 214 (1971), and cases cited. As was said in the case of *Sullivan* v. *Municipal Court of the Roxbury Dist.,* 322 Mass. 566, 573 (1948): "'Review' indicates 'a re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment. It does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although of a character respecting the weight of which two impartial minds might well reach different conclusions, and upon which the reviewing magistrate, if

---

record, except that in cases of alleged irregularities in procedure before the commission, not shown in the record, testimony thereon may be taken in the court."

"The court may affirm the decision of the commission if it finds that the decision was justified or remand the matter for further proceedings before the commission; or the court may set aside and reverse the decision of the commission if it determines that such decision is — (*a*) in violation of constitutional provisions; or (*b*) in excess of the statutory authority or jurisdiction of the commission; or (*c*) based upon an error of law; or (*d*) made upon unlawful procedure; or (*e*) unsupported by substantial evidence; or (*f*) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

"The court shall make the foregoing determination upon consideration of the entire record, or such portions of the record as may be cited by the parties.

"If the court finds that the decision of the commission confirming action by an appointing authority in discharging, removing, suspending, laying off, transferring from his office or employment without his consent, lowering in rank or compensation, or abolishing his position should be reversed, the employee shall be reinstated in his office or position without loss of compensation."

trying the whole issue afresh, might make a different finding,'" quoting from *Murray* v. *Municipal Court of the City of Boston*, 233 Mass. 186, 189 (1919). Under § 45 a judge is to review, as defined above, the action of the commission to determine whether it is "justified" on all the evidence. "'Justified' in connection with 'review' means 'done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law.'" *Sullivan* v. *Municipal Court of the Roxbury Dist., supra* at 573, quoting in substance from *Selectmen of Wakefield* v. *First Dist. Court of E. Middlesex*, 262 Mass. 477, 482 (1928).

Despite substantial changes in G. L. c. 31, § 45, particularly as a result of the 1970 amendment, the scope of review open to the judge has remained unchanged. *Police Comm'r of Boston* v. *Municipal Court of the W. Roxbury Dist.*, 368 Mass. 501, 507 (1975).

Thus the issue is whether, in light of the limited scope of review under G. L. c. 31, § 45, the Municipal Court judge had sufficient basis for concluding that the commission's findings were not supported by substantial evidence on the record as a whole. We conclude that he did not.

The commission hearing officer, in addition to finding the essentially undisputed facts already outlined, found that the workload of the building department, as measured by the number of building permits issued, had declined and that Mrs. Scevola's duties had been "reassigned or assumed by permanent employees in the West Springfield Town Hall." Based on these subsidiary findings, the hearing officer inferred that Mrs. Scevola's position was abolished for proper cause. We conclude that there was ample evidence before the hearing officer to support the subsidiary findings which in turn justified his conclusion.

The head clerk in the board of selectmen's office testified that, since she had been hired in 1969, she had never

369 Mass. 84                                                    89

Commissioners of Civil Service v. Municipal Court of the City of Boston.

assigned any secretarial duties to Mrs. Scevola and that she has never had a need for additional secretarial assistance. She further testified that the daily hour and a half of work as a relief switchboard operator performed by Mrs. Scevola had since been assigned to other permanent employees with more seniority. The building inspector testified that he had no need for secretarial assistance due to a decreased workload. Statistics were cited indicating a decrease in the number of building permits issued since the time Mrs. Scevola had been hired in 1966, and more significantly, a sharp decline since 1969. In addition, the building inspector testified that prior to 1966 he had performed Mrs. Scevola's duties in the building department and that since her departure he has assumed those duties again.[3] Lastly, the secretarial work done by Mrs. Scevola for the board of appeals is now being done in the law department as was the case prior to 1970.

Although there was testimony concerning a conflict between the building inspector and Mrs. Scevola, we cannot conclude that the findings of the hearing officer were unsupported by the evidence. Even if different inferences as to the "real reason" for abolishing the position are possible, it is not within the reviewing judge's prerogative to substitute his judgment for that of the commission when the evidence supports the finding of the administrative body. As noted above, it is not material that "the reviewing magistrate . . . trying the whole issue afresh, might make a different finding." *Sullivan* v. *Municipal Court of the Roxbury Dist., supra* at 573, quoting from *Murray* v. *Municipal Court of the City of Boston,* 233 Mass. 186, 189 (1919). Applying the principles of the *Sullivan* case, we conclude that the judge erred in applying an improper standard of review

---

[3] We note that the building inspector, who has been employed in the same position for fifteen years, was until 1969 a part time employee and has since become full time.

and such action amounted to an error of law. *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston, supra* at 216. *Commissioners of Civil Serv.* v. *Third Dist. Court of E. Middlesex,* 2 Mass. App. Ct. 89, 93 (1974).

2. We reject Mrs. Scevola's contention that the Commissioners may not obtain review of the decision of the Municipal Court judge by means of a civil action in the nature of certiorari as provided by G. L. c. 249, § 4. It is well settled that certiorari was an appropriate remedy for reviewing a decision of the commission. *Bergeron* v. *Superintendent, Walter E. Fernald State Sch.,* 353 Mass. 331, 333 (1967). *School Comm. of Salem* v. *Civil Serv. Comm'n,* 348 Mass. 696, 697-698 (1965). *Sullivan* v. *Committee on Rules of the House of Representatives,* 331 Mass. 135, 139 (1954). Although G. L. c. 31, § 45, provides that "[t]he decision of the [District or Municipal] court shall be final and conclusive . . . ." it is clear that "there may be a petition for a writ of certiorari to correct substantial errors of law apparent on the record adversely affecting material rights." *Sullivan* v. *Committee on Rules of the House of Representatives, supra* at 139.

This action was commenced after July 1, 1974, the effective date of the new Massachusetts rules of civil and appellate procedure. Although Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), abolished the writ of certiorari, G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, provides that: "A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the supreme judicial or superior court." As a result of these statutory changes, the relief formerly provided by a writ of certiorari is now available by means of an action seeking extraordinary review and our prior rulings on the reviewability of decisions of the commission remain in effect.

The Legislature has provided in St. 1973, c. 1114, § 289, that an action in the nature of certiorari "shall be commenced within two years next after the proceeding complained of." Therefore, we need not refer, as suggested by Mrs. Scevola, to Mass. R. A. P. 4, 365 Mass. 846 (1974), to determine what constitutes a timely appeal. In the present case, the Commissioners' action was commenced well within the two-year limitation.

3. Having rested our decision on the merits of this case, we express no opinion on the issue raised by the Commissioners' argument that the Municipal Court lacked jurisdiction to entertain a petition for review because Mrs. Scevola did not comply with the requirements set forth in G. L. c. 31, § 45, of serving a copy of the petition on the commission and the board of selectmen (the appointing authority) within thirty days after receipt of notice of the final decision of the commission. Compare *O'Day* v. *School Comm. of W. Brookfield,* 343 Mass. 122 (1961), and *Mayor of Revere* v. *District Court of Chelsea,* 262 Mass. 393 (1928), with *Schulte* v. *Director of the Div. of Employment Security, ante,* 74 (1975), and *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96, 98-99 (1964).

4. The case is remanded to the county court, where a judgment is to be entered setting aside the decision of the judge of the Municipal Court of the City of Boston and directing that the decision of the Civil Service Commission be affirmed.

*So ordered.*