Superintendent of Belchertown State School *vs.* Civil
Service Commission & another.[1]

Suffolk. January 21, 1980. — May 20, 1980.

Present: Brown, Greaney, & Dreben, JJ.

*Civil Service. Practice, Civil,* Review respecting civil service. *Public
Employment,* Unethical conduct.

The Civil Service Commission erred in ruling that a proved charge of un-
ethical conduct by an employee could not, as a matter of law, be
considered in connection with subsequent charges as a basis for the em-
ployee's dismissal because the unethical conduct occurred three years
prior to the dismissal. [756-761]

Civil action commenced in the Superior Court on De-
cember 1, 1977.

The case was heard by *Linscott,* J.

*Joan Entmacher,* Assistant Attorney General, for the
plaintiff.

*Galen S. Gilbert,* Special Assistant Attorney General
(*John B. Curry, III,* with him) for the defendants.

Dreben, J. The question before us is whether the Civil
Service Commission (commission) was correct in ruling that
a proved charge of unethical conduct (agreeing to a bribe)
by an employee could not, as a matter of law, be considered
in connection with subsequent charges as a basis for the em-
ployee's discharge because the incident on which the charge
of unethical conduct was based occurred three years prior to
the discharge. We think the commission applied an incor-
rect rule of law and, therefore, reverse the judgment entered
by a judge of the Superior Court which upheld the action of
the commission.

We summarize the proceedings and relevant facts as dis-
closed by the record. On June 14, 1976, after a hearing as

_____

[1] John C. Carr.

provided by G. L. c. 31, § 43 (a),[2] the superintendent of the Belchertown State School (superintendent) found that the employee, the institution's chief power plant engineer, had acted improperly as set forth in twelve specified written charges and ordered the employee dismissed. The employee appealed to the commission pursuant to G. L. c. 31, § 43 (b), whereupon the commission modified the action of the superintendent and ordered an eighteen-month suspension. The employee appealed to a District Court pursuant to G. L. c. 31, § 45, and the superintendent brought an action for relief in the nature of certiorari in the Superior Court under G. L. c. 249, § 4. The employee's action was transferred to the Superior Court under G. L. c. 223, § 2 (b), upon motion of the superintendent. A judge of the Superior Court upheld the decision of the commission and the superintendent has appealed.

A hearing officer of the commission had filed a comprehensive "Recommended Decision" containing more than fifty-one findings. She found that six of the charges against the employee were proved by the appointing authority in whole or in part, including "charge #3," the accusation of unethical conduct. The other charges of which the employee was found guilty are set forth in the margin.[3]

---

[2] A revision of G. L. c. 31 was effected by St. 1978, c. 393. The provisions for a hearing before the appointing authority now appear in G. L. c. 31, § 41. In so far as it affects Carr, the substance of the current version of c. 31 does not differ from that of the earlier statute. Reference in this opinion to c. 31 will be to former c. 31 which was in effect at the time of the hearings before the appointing authority and the commission.

[3] The hearing officer found the employee guilty of the following: charge 6, "knowingly creating a hazardous situation" by turning off pumps of the septage system which caused insufficiently treated effluent to back into the water storage ponds on four occasions in May, 1975; part of charge 7, namely, a failure by the employee in June, 1975, to carry his engineer's license on his person as required, so that another engineer had to be obtained; on charges 9 and 10, "refusal to perform assigned duties," in that an investigation in February, 1976, showed that the employee had failed "to meet the requisite level of thoroughness" in safety inspections of buildings and to review the emergency and safety capabilities of the staff, such failure constituting a "constructive refusal to perform assigned duties;"

Charge 3 arose out of an incident which occurred in May, 1973, and charged the employee with attempting "to secure personal compensation in exchange for agreeing to improper utilization" of the school's facilities. There was evidence that the Belchertown State School allowed contractors who obtained a permit from the town clerk to dump "septage"[4] at the school. The cost of such a permit was $750. The hearing officer found that the employee had granted a contractor permission to dump septage without a permit on condition that the contractor give the employee an air conditioner for his office. The hearing officer also found that although the air conditioner was never received, the employee had consented to the exchange, and was therefore guilty of unethical conduct.

The employee argued before the hearing officer that all twelve charges lodged against him were stale and should be dismissed. The argument was a legal one and the hearing officer treated it as such. After quoting a passage from *Mayor of Medford* v. *District Court*, 249 Mass. 465, 469 (1924),[5] she concluded, "This holding is applicable here. Pursuant thereto, Charge 3, which occurred two years ago, is not timely filed." She also found that the other charges

---

charge 12, "absence from duty without authority," in being in Ludlow on March 6, 1976, while he was listed as being on duty. (Charge 11 alleged other absences from duty without authority which the hearing officer found not proved. Although the hearing officer joined charges 11 and 12 the commission separated them and found that only 12 was proved.)

[4] Waste materials and water which accumulates in septic tanks.

[5] That case concerned the removal by the mayor of a police officer for conduct unbecoming an officer. The District Court judge held that a charge made on February 13, 1923, of conduct occurring on March 30, 1922, was too remote. The Supreme Judicial Court noted that this conclusion "cannot rightly be regarded as anything other than a ruling of law. It was erroneous. No such period of limitation as less than eleven months bars conduct unbecoming a police officer from being considered as a reason for removing him. It is the character of the breach of duty which ought to have weight on the question of removal and not the period of time, within reasonable limits, after which the charge is made." *Id*. The hearing officer set forth in her decision the last and penultimate sentences of the foregoing quotation.

were filed "reasonably within the limits allowed" in the *Mayor of Medford* case, and that those charges, "taken individually . . . or taken as a whole," were of a "character sufficiently serious" to merit dismissal. Accordingly, she recommended that the appointing authority's decision of dismissal be affirmed. The commission voted as follows:

> "To acknowledge receipt of the Hearing Officer's report, to adopt the findings of fact, and to affirm the action of the appointing authority in disciplining the employee, but to modify the action to an 18-month suspension. Although Charges 3, 6, 7, 9, 10 and 12 were proven by the appointing authority, the Commission considers Charge #3, the most serious of the charges, to be stale and, therefore no basis for disciplinary action. In the opinion of the Commission, the sum of the remaining charges, namely, Charges 6, 7, 9, 10 and 12, which were proven, do not provide sufficient basis for discharge."

In this appeal, the commission argues that the question whether an appointing authority has condoned an employee's past misconduct, and thereby waived its right to discipline the employee, is one of fact to be decided by the commission. This contention misses the point. We have set out at considerable length the proceedings before the commission and its extensive findings. There is not a single finding among the fifty-one adopted by the commission which relates to condonation. The hearing officer's ruling, relying on *Mayor of Medford* (see note 5, *supra*, and accompanying text) indicates that her determination was a legal ruling. There is nothing in the one paragraph vote of the commission which changes that ruling into a factual determination of waiver or condonation.

The commission alternatively argues (somewhat at variance with the prior contention that the issue is a factual one) that the commission was following a consistent policy in

treating the charge as stale. This claim has no support in the record. For all that appears, the commission is here adopting a conclusive rule of staleness "for the first time in the present case, absent any prior promulgation of such a rule or even any indication that" the commission applied it in other cases. See *Xtra, Inc.* v. *Commissioner of Rev.*, 380 Mass. 277, 282 (1980).

Treating the determination of staleness, as we must in the circumstances of this case, as a ruling of law, we think the ruling is erroneous. It is significant that G. L. c. 31 does not contain any limit of time on the preferring of charges. Contrast N.Y. Civ. Serv. Law § 75 (4) (McKinney 1973), which provides for a three-year period except where the misconduct would, if proved, constitute a crime. We note also that G. L. c. 268A, § 2 (*b*), inserted by St. 1962, c. 779, § 1, under which it is a criminal action for a public employee to seek to "receive anything of value for himself . . . in return for . . . being influenced in his performance of any . . . act within his official responsibility," carries a six-year statute of limitation. G. L. c. 277, § 63. An appointing authority may await the outcome of criminal charges before preferring civil ones, *Commissioners of Civil Serv.* v. *Municipal Court of Brighton*, 369 Mass. 166, 173 (1975), and we see nothing in c. 31 which requires a shorter period for civil charges as a matter of law. *Mayor of Medford*, 249 Mass. at 469, does not support the conclusion of the commission or suggest a limitation period of approximately eleven months. On the contrary, the court there stressed that the character of the breach of duty, rather than the time after which the charge was brought, was the factor to be given weight (see note 5, *supra*) and expressly noted that while a long delay might, in some situations, be evidence of bad faith, the eleven-month period involved in that case was "short even for that purpose". *Id.* at 469-470. In this case, the breach, involving solicitation of a bribe, is very serious and goes to the heart of the integrity expected of a public employee.

We conclude that the commission applied an incorrect rule in determining that the charge was stale as a matter of

law and could not be considered in determining the penalty. Moreover, even had the charge been stale, the commission might well have considered the charge, in its discretion, in determining the ultimate disciplinary action to be taken on subsequent charges of breaches of duty. *Daniell* v. *Boston & Me. R.R.*, 184 Mass. 337, 340-341 (1903). *Mayor of Medford*, 249 Mass. at 473. See *MacKenzie* v. *School Comm. of Ipswich*, 342 Mass. 612, 619-620 (1961); *Lower* v. *North Middlesex Regional Sch. Comm.*, 8 Mass. App. Ct. 536, 540 (1979). Compare *Trustees of State Library* v. *Civil Serv. Commn.*, 3 Mass. App. Ct. 724, 725 (1975), where the employee's previous record had not been seasonably brought to the commission's attention.

The recommendation of the hearing officer and the vote of the commission show that but for the application of the erroneous rule of law by which charge 3 was determined to be stale, the commission's decision to modify the appointing authority's order would probably not have been made. Cf. *Rossi* v. *School Comm. of Everett*, 354 Mass. 461, 463 (1968).

Since the commission's decision was premised upon an error of law, see *Selectmen of Framingham* v. *Civil Serv. Commn.*, 7 Mass. App. Ct. 398, 406 (1979), the judgment of the Superior Court is reversed, and the case is remanded to the Superior Court with the direction that it be remanded to the commission for a determination whether, in light of this opinion, "the action of the appointing authority was justified". G. L. c. 31, § 43 (b). The commission shall report its supplementary decision to the Superior Court, which shall retain jurisdiction and, after appropriate further proceedings, enter a new judgment.

*So ordered.*