Commissioner of the Metropolitan District Commission
*vs.* Civil Service Commission & another.[1]

Suffolk.   November 10, 1981. — January 7, 1982.

Present: Grant, Cutter, & Smith, JJ.

*Civil Service*, Decision of Civil Service Commission. *Public Employment*.

In proceedings before the Civil Service Commission under G. L. c. 31,
§ 43, in which the hearing officer found that charges of mismanage-
ment made by the Commissioner of the Metropolitan District Com-
mission against an employee had been proved and recommended that
the Commissioner's action in discharging the employee be affirmed,
the Civil Service Commission erred in modifying the discharge to a
twenty-month suspension on the basis that the appointing authority
and the employee were jointly responsible for the mismanagement
where there was nothing in the findings made by the hearing officer to
warrant such a conclusion. [21-23]

Civil action commenced in the Superior Court Depart-
ment on October 6, 1978.

The case was heard by *Zobel*, J.

The case was submitted on briefs.

*Francis X. Bellotti*, Attorney General & *Betty E. Wax-
man*, Assistant Attorney General, for Civil Service Commis-
sion.

*Gerard S. McAuliffe* for George B. McDonald.

*Thomas F. McKenna*, Special Assistant Attorney General,
for the plaintiff.

Smith, J.   The Commissioner (appointing authority) of
the Metropolitan District Commission (MDC) brought a

---

[1] George B. McDonald.  McDonald claimed an appeal from the judg-
ment below but failed to docket it in this court.  As a result, we do not
consider his contentions but note that they are identical to those of the
Civil Service Commission.

complaint in the nature of certiorari under G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, seeking to overturn a decision of the Civil Service Commission (commission) in regard to the discharge of George McDonald from his position as principal storekeeper at the Nut Island sewage treatment plant. After a hearing, the appointing authority had ordered that McDonald be discharged. A hearing officer designated by the commission also recommended the discharge. The commission, after adopting the findings of the hearing officer, reduced the penalty to a twenty-month suspension. A Superior Court judge, on the basis of the record of the proceedings established before the administrative agency, held that the commission erred as a matter of law because its decision could not be justified on the basis of the accepted findings. Judgment was entered reversing the imposition of the twenty-month suspension by the commission and affirming the original discharge ordered by the appointing authority. The commission has appealed.

We summarize the facts as disclosed by the record. McDonald was hired by the MDC in August, 1954, as a clerk-storekeeper at the Nut Island sewage treatment plant. He subsequently became a principal storekeeper at the same facility, and the charges against him relate to his employment in that capacity. In 1976 the appointing authority brought four charges against him in regard to his conduct of the office of principal storekeeper, and after a hearing on January 26, 1977, held pursuant to G. L. c. 31, § 43(a)[2] (as in effect prior to St. 1978, c. 393, § 11), the appointing authority ordered that McDonald be discharged.

McDonald appealed the discharge to the commission pursuant to G. L. c. 31, § 43(b). A hearing was conducted before a hearing officer designated by the commission as authorized by § 43(b). The hearing officer filed a compre-

---

[2] In 1978, c. 31 was rewritten. See St. 1978, c. 393. The provisions for a hearing before the appointing authority are now found in G. L. c. 31, § 41. References in this opinion will be to the former version of G. L. c. 31, § 43, which was in effect at the time of the hearings before the appointing authority and the commission.

hensive "Recommended Decision." This document contained separate and distinct parts, including a summary of the evidence, seventeen specifically numbered subsidiary findings of fact and a recommended disposition. She found that all the charges were proved by the appointing authority.[3] She recommended that the action of the appointing authority in discharging McDonald be affirmed. On July 20, 1978, the full commission reviewed the record. A majority of the commission voted to "adopt the findings of fact, and affirm the appointing authority's disciplinary action but modify the discharge to a 20-month suspension on the basis that the deplorable condition of the stockroom and inventory was the result of many years of inadequate procedures and [*sic*] care [*sic*] must be shared jointly by the appointing authority and Mr. McDonald."

By statute, the commission could modify any penalty imposed by the appointing authority. G. L. c. 31, § 43(*b*). Therefore, it could have rejected the hearing officer's recommendation as to disposition and rested its own decision on the accepted subsidiary findings, as long as its decision could be justified on the basis of those findings. *Commissioner of Rev.* v. *Lawrence*, 379 Mass. 205, 209 (1979). In this matter, the commission adopted all seventeen subsidiary findings made by the hearing officer. There is not a

---

[3] The hearing officer found the employee guilty of the following:

*Charge 1.* Despite verbal and written directions to complete a stockroom inventory and to bring the records to date, Mr. McDonald neglected to perform such work.

*Charge 2.* On May 13, 1976, an inspection of the stockroom and records under McDonald's control revealed that there was: (a) a lack of inventory cards to indicate items received or dispensed; (b) a failure to make entries on inventory cards to indicate how or when materials were dispersed; (c) a failure to identify stock locations on inventory cards or when a location was noted, a failure to locate the items as shown.

*Charge 3.* While under Mr. McDonald's control, the stock and supplies in the stockroom were, to a great degree, improperly stored and the general area of the stockroom was in disarray.

*Charge 4.* Mr. McDonald disregarded his responsibilities and failed to perform the duties as a principal storekeeper despite the requests and directions of his superiors to organize the stores and supplies and to bring his records up to date.

single finding among the seventeen which would allow the commission to conclude that blame for improper management procedures should be shared jointly by the appointing authority and McDonald. There is nothing in the accepted findings that indicate that the appointing authority condoned or tolerated the improper management procedures of McDonald. There is nothing in the accepted findings to indicate that the appointing authority knew of the management practices of McDonald and failed to try to correct them.

Because there is nothing in the accepted findings to justify the reduction of the penalty from discharge to suspension, the judge was correct in affirming the decision of the appointing authority.

*Judgment affirmed.*