DANIEL J. FARIA *vs.* THIRD BRISTOL DIVISION OF THE DISTRICT COURT DEPARTMENT & others (and a companion case). August 31, 1982. This is a consolidated appeal of two actions commenced in the Superior Court pursuant to G. L. c. 249, § 4. In both, we are asked to review a decision of the Civil Service Commission (commission) which upheld a determination made by the board of selectmen of Dartmouth (the appointing authority) that Faria, a Dartmouth police officer, had attempted to suborn perjury. The commission's decision also reduced Faria's penalty from a discharge (imposed by the appointing authority) to an eighteen-month suspension. Despite the somewhat protracted history of this nearly five-year-old disciplinary proceeding, the issues presented on these appeals are relatively straightforward: (1) whether the commission's determination that Faria had attempted to suborn perjury is supported by substantial evidence and is otherwise free from any error of law; and (2) whether the commission abused its discretion in reducing Faria's penalty to an eighteen-month suspension.

1. Faria attacks both the legal and the factual sufficiency of the evidence underlying the commission's decision. After reviewing the record and the findings of the hearing officer (which the commission adopted), see *Selectmen of Dartmouth* v. *Third Dist. Court of Bristol*, 359 Mass. 400, 403 (1971), and cases cited therein, we have concluded that Faria's attack on the factual sufficiency of the case against him is without merit. Faria's statement, viewed in conjunction with his refusal to identify the girl and the second officer's immediate response that he would "have no part in the lying," warranted the commission's conclusion that the appointing authority was justified in determining that Faria had requested the second officer to commit perjury on his behalf. Hence, like the two courts which have previously considered this question, we believe that the commission's determination on this point was made on "adequate reasons

sufficiently supported by [substantial] credible evidence," *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 87-88 (1975), quoting *Murray* v. *Municipal Court of the City of Boston,* 233 Mass. 186, 189 (1919).

Faria's remaining contentions go to the legal sufficiency of the evidence introduced against him. Although he makes a number of points in this regard, the crux of his position is that the commission's decision must be set aside because the evidence before the commission was inadequate as a matter of law to sustain a conviction under G. L. c. 268, § 2. This argument ignores the distinction between a civil service disciplinary action and a criminal proceeding. It is settled that the just cause requirement of G. L. c. 31, § 41, encompasses conduct beyond that falling within the prohibitions of the criminal law. See *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 359 Mass. 211, 213 n.1 (1971); *Broderick* v. *Police Commr. of Boston,* 368 Mass. 33, 39-40 (1975). Therefore, even if we were to assume that the evidence before the commission would have been inadequate to convict Faria in a criminal proceeding, this would not lead us to disturb the commission's determination that the appointing authority's imposition of disciplinary action against Faria was justified. See *Arthurs* v. *Board of Registration in Medicine,* 383 Mass. 299, 317 (1981).

2. The appointing authority's claim that the commission erred in reducing Faria's penalty is somewhat more troublesome. In considering this question, we are mindful of the commission's power to modify penalties, see G. L. c. 31, § 43, and of the broad discretion given to administrative agencies generally to impose and enforce penalties in matters within their delegated authority. See *Levy* v. *Board of Registration & Discipline in Medicine,* 378 Mass. 519, 527-529 (1979). Nevertheless, appellate courts have not hesitated to set aside modifications of penalties ordered by the commission where the reasons for them were not supported by the record, *Commissioner of the Metropolitan Dist. Commn.* v. *Civil Serv. Commn.,* 13 Mass. App. Ct. 20 (1982), or where they were otherwise infected with errors of law. *Mayor of Newton* v. *Civil Serv. Commn.,* 333 Mass. 340, 344 (1955). *Selectmen of Framingham* v. *Civil Serv. Commn.,* 366 Mass. 547 (1974). *Superintendent of Belchertown State Sch.* v. *Civil Serv. Commn.,* 9 Mass. App. Ct. 756 (1980). Hence, though G. L. c. 31, § 43, provides the commission with considerable discretion in these matters, that discretion is not without bounds.

Unfortunately, we find ourselves unable to apply these principles to the present facts based on the record before us. The commission's decisions in this matter (the second of which was ordered by the Superior Court for the express purpose of allowing the commission an opportunity to explain the basis for its modification of the penalty imposed by the appointing authority) contain no indication of the "particular facts and circumstances" on which it relied in reducing Faria's penalty. Although the

commission is not subject to the State Administrative Procedure Act, see G. L. c. 30A, § 1(2), and is not obligated to comply with G. L. c. 30A, § 11(8), it is still required to articulate the facts on which its decision is based. Cf. *Assessors of New Braintree* v. *Pioneer Valley Academy, Inc.*, 355 Mass. 610, 612 n.1 (1969); *Sherman* v. *Rent Control Bd. of Brookline*, 367 Mass. 1, 10-11 (1975). Indeed, the need for some explanation of the commission's decision is particularly compelling where, as here, we are confronted with a determination that a police officer, "a trustee of the public interest," *Broderick* v. *Police Commr. of Boston*, 368 Mass. at 42, quoting *Gardner* v. *Broderick*, 392 U.S. 273, 277 (1968), has engaged in serious misconduct. Because the commission's decisions place us in the position of being unable to determine the factual basis for the modification, it is necessary that this case be remanded to the commission once again. On remand, the commission is directed to specify the particular facts in the record before it on which it relied in modifying the penalty imposed by the appointing authority. Upon reexamining the record, the commission need not stand by the modification and may uphold the penalty imposed by the appointing authority so long as its revised decision conforms with the principles set forth in this opinion. That portion of the judgment in No. 11128 which dismisses Faria's complaint is affirmed. The judgment in No. 8726 is reversed and a new judgment is to be entered remanding that case to the commission.

*So ordered.*

*George C. Deptula* for Daniel J. Faria.

*James M. Cronin* for Board of Selectmen of Dartmouth & another.

*Charles E. Walker, Jr.*, Assistant Attorney General, for Civil Service Commission.