Fabricant, J.
This is an action for certiorari review, pursuant to G.L.c. 249, §4, of a decision of the Cambridge District Court, pursuant to G.L.c. 112, §84A, affirming a disciplinary decision of the Board of Registration in Embalming and Funeral Directing suspending the plaintiffs license to practice in that field for a period of five years. Presently before the Court is the plaintiffs motion to stay the Board’s decision pending this Court’s determination of the merits of the certiorari action. The Court has heard oral argument on the motion, and has reviewed all materials submitted, including the record of the District Court proceeding, which in turn includes the record of the administrative proceeding before the Board. Based on the arguments presented and materials submitted, the Court concludes as follows.
The motion to stay the Board’s decision is, in substance and effect, a motion for a preliminary injunction; the plaintiff seeks to prevent the Board from enforcing its disciplinary order while he exhausts the process of judicial review. Although the governing statute, G.L.c. 112, §84A, places final authority for such review in the District Court, the plaintiff contends that the review afforded him by that Court did not conform to the statute. On that basis, he seeks an order of this Court nullifying that Court’s decision and remanding the case to that Court for a hearing of the type that he contends the statute contemplates. Pending such further hearing and final decision, he seeks to restore and to preserve the status quo as it existed prior to the District Court’s decision affirming the Board’s order. Accordingly, the Court will consider the motion under the standards applicable to a motion for preliminary injunction.
The most important of the four familiar criteria for a preliminary injunction is the plaintiffs likelihood of success on the merits. The merits, in this instance, consist of the plaintiffs contention that the District Court erred as a matter of law in two respects: first, in refusing to conduct an evidentiary hearing, instead limiting its review to the record of the administrative proceeding before the Board, and second, in declining to review the severity of the sanction imposed for abuse of discretion. In order to evaluate the plaintiffs likelihood of success on these contentions, the Court has considered the thorough and thoughtful memorandum of decision issued by the District Court, along with the arguments of the parties and authorities cited. The Court concludes that the plaintiff has a substantial likelihood of success as to the first of the two claims of error.
The question of the nature of the hearing required under c. 112, §84A, appears to be entirely without precedent beyond the level of the District Court. Indeed, the parties have identified no decision of any Court addressing that question other than the decision of the District Court in this case.[1] The lack of case law on point cannot be attributed to any particular clarity in the language of the statute; to the contrary, the statute contains in a single sentence phrases supporting contradictory conclusions. The statutory directives to “review such action” and to “affirm the decision of the board” unless it is “without proper cause or in bad faith” suggest appellate-type review, limited to the record of the prior proceeding, in the manner provided in G.L.c. 30A, § 14, for review of most state agency decisions.
The phrase “hear the witnesses,” however, suggests precisely the opposite; that language strongly suggests a legislative intention that the District Court receive evidence, in the form of live testimony. Indeed, it is difficult to conceive of any sensible interpretation of that language that would not involve the District Court’s hearing live testimony. How, as a practical matter, the District Court would do so within the thirty day time limit provided in the statute presents something of a puzzle. At least as puzzling is the more theoretical question of why the legislature would have chosen to afford judicial evidentiary hearings to funeral directors who are subjected to professional discipline, while limiting most other licensed professionals, including physicians, nurses, psychologists, and accountants, to record review of proceedings conducted before an administrative board. Nevertheless, the statutory language, given its plain meaning according to the words as commonly understood in ordinary usage, appears to compel that result.[2]
The second factor is whether the plaintiff will suffer irreparable harm in the absence of an injunction. It is apparent, and apparently undisputed, that he will. The Board’s order prevents the plaintiff from practicing his occupation, through which he earns his livelihood, for a period of five years. That period is long enough to encompass, and probably exceed, the time that would be necessary for this case to proceed through all levels of the court system, including full appellate consideration and decision. If an injunction were denied, and if the plaintiff were ultimately to prevail in his contention that he is entitled to an evidentiary hearing in the District Court, and then, after such hearing, the District Court were to reverse the decision of the Board, the plaintiff would have suffered financial and other losses that he could never recoup.
On the other side of the scale is the harm that an injunction would cause to the defendant. Where, as here, the defendant is a public board that exists to protect the public interest, that factor merges with the fourth and final factor, which is the effect of an injunction on the public interest. The Board expresses legit *653 imate concern to protect the public from violations of the sort it has found the defendant to have committed, as well as to preserve and promote public confidence in the integrity of its licensees generally. These concerns are substantial. It appears, however, that they can be adequately addressed, during the time necessary to bring this litigation to conclusion, by means short of full implementation of the suspension of the plaintiffs license.
The violations found all involve so-called pre-need contracts; the board found that the plaintiff breached such contracts, taking advantage of survivors’ vulnerability in their times of bereavement to persuade them to purchase unneeded or unwanted services, despite their decedents’ previous provision for services through pre-need contracts. Such violations, while serious, do not pose a threat to life or health, nor does it appear that the Board has found the plaintiff incompetent or untrustworthy in the performance of the basic functions of a funeral director. Accordingly, the Court concludes that the public interest can be sufficiently safeguarded, despite the grant of an injunction, by the imposition of reasonable conditions on the plaintiffs participation in pre-need arrangements or funerals performed pursuant to pre-need arrangements. Such conditions could include, for example, a requirement that the plaintiff engage in such participation under the supervision of another licensee designated by or with the approval of the Board. The Court will therefore grant the plaintiffs motion and will enjoin further enforcement of the license suspension, provided that the Board may impose such conditions on the plaintiffs participation in pre-need arrangements or funerals performed pursuant to pre-need arrangements as it deems reasonably necessary, in its discretion, to protect the public. The parties may submit an agreed form of order, or absent agreement, alternative proposed forms.
The parties have suggested that the case may be appropriate for a report to the Appeals Court. The Court is inclined to agree. Mass.R.Civ.P. 64 authorizes report of a case to the appeals court, without decision, if “the parties agree in writing as to all the material facts.[3] Here, although a dispute may exist as to the under lying facts,® that dispute does not involve any fact material to this certiorari action; the only facts material to this action are those that appear on the record of the District Court proceeding. The case presents a novel question of law that has potential application to other cases, and that warrants appellate decision. Furthermore, the case is presented to this Court in precisely the same posture it would have before an appellate court; in a certiorari action, this Court has neither fact-finding authority nor discretion, but is empowered only to decide issues of law, subject to de novo review on appeal. The District Court has already thoroughly considered the issues of law presented, and this Court has expressed its preliminary view on the more significant of those issues in this memorandum. It appears that no further purpose would be served by the delay that would be required for the parties and the Court to take the remaining steps necessary to bring this case to judgment through the filing of and decision on cross-motions for judgment on the pleadings pursuant to Superior Court Standing Order 1-96. Moreover, if this Court were to rule in favor of the plaintiff and remand the matter to the District Court for an evidentiary hearing, appellate resolution of the dispositive legal issue would have to await completion of proceedings in that Court on remand, as well as another round of proceedings on certiorari in this Court. The legitimate interests of both the plaintiff and the public dictate that such delay be avoided if possible. Accordingly, the Court invites the parties to submit, as promptly as possible, a joint request for report pursuant to Mass.R.Civ.P. 64, including a stipulation as to the record of the District Court proceedings, and a form of report.

 The case on which the Board principally relies, Murray v. Justices of the Municipal Court of Boston, 233 Mass. 186 (1919), construes identical language appearing in a different statute, but does not directly address the question presented here, and indeed seems to suggest approval of a proceeding before the trial court that appears to have conformed to the reading of the statute urged by the plaintiff in this case.

 The interpretation adopted by the District Court in this case accords with common sense and practical reality, as well as with general norms of judicial review of administrative action, but effectively nullifies the phrase “hear the witnesses.”

 The precise contours of that dispute have yet to be delineated. Presumably, however, its existence is the reason the plaintiff seeks an evidentiary hearing before the District Court.